[Civ. No. 4746. Third Appellate District.—April 8, 1933.]

FRANK NELSON et al., Appellants, v. ANDREA NELSON et al., Respondents.

Elton W. Stanley and R. D. McLaughlin for Appellants.

Meserve, Mumper, Hughes & Robertson and E. Avery Crary for Respondents.

THOMPSON, J. — The plaintiffs brought suit against the administratrix of their father's estate, under the provi-

sions of section 1572 of the Code of Civil Procedure, as it then existed, to recover liquidated damages for the fraudulent sale of a dwelling-house belonging to the estate. The court held that the plaintiffs' claim was waived by a subsequent execution of a disclaimer of all interest in the property of the estate. From the judgment, which was accordingly rendered against the plaintiffs, they have appealed.

Thomas E. Nelson died intestate, leaving surviving him his widow, Andrea Nelson, and four children. These children are the appellants herein. Among other properties which were possessed by the deceased at the time of his death, was a dwelling-house at number 1222 Third Avenue in Los Angeles, which is involved in this suit. This residence was the separate property of the deceased. Andrea Nelson was his second wife and the stepmother of the appellants. Upon proceedings duly had, she was appointed and qualified as administratrix of the estate of Thomas E. Nelson. The dwelling-house was originally appraised at a valuation of $17,500. It was subsequently re-appraised for the purpose of sale at $12,500. Upon probate proceedings the administratrix purported to sell the property to a neighbor by the name of Ellen C. Mullia for $11,250. That sale was confirmed by the probate court. In a subsequent settlement of the accounts of the administratrix, she was charged with that sum as the proceeds of said sale.

It appears to be conceded by respective parties that the sale was fictitious and illegal and that the administratrix conspired to fraudulently acquire title to the property for herself. Both the judge of the probate court and the attorney for the estate were ignorant of this fraud at the time the sale was confirmed. In the probate proceedings the plaintiffs were represented by their attorney, Albert Launer. In consultation with their attorney and in the entire probate proceedings the plaintiffs were represented by Edgar M. Nelson as their agent. In a separate suit a joint and several judgment of $4,000 had been rendered against Edgar M. Nelson and one Scouller, which was unpaid.

After confirmation of the sale of the dwelling-house in the probate proceeding, the attorney Launer became cognizant of the fraud on the part of the administratrix. He discussed the fraudulent character of the sale with other attorneys who represented the creditors of the estate, and

with some of the plaintiffs, including Edgar M. Nelson. They discussed the advisability of bringing suit against the administratrix under the provisions of section 1572 of the Code of Civil Procedure for liquidated damages resulting from the illegal sale. Methods of securing competent evidence to prove the fraudulent conspiracy were considered. It was suggested they might secure evidence from Mrs. Mullia, the purported purchaser of the property, who lived on Third Avenue adjacent to the dwelling-house which is involved in this suit. There is no evidence she was ever interviewed by the attorney or any of the interested parties. She testified that no one ever inquired of her concerning the transaction. After ascertaining facts from which the attorneys became convinced the sale of real property was fraudulent, no subsequent investigation of the transaction appears to have been conducted. The illegal transaction and the contemplated suit for fraud were often discussed throughout a period of about a year, between some of the appellants and their attorney. Mr. Launer testified in that regard: "I discussed it afterwards with him (Edgar M. Nelson) in my office at Fullerton, at various times. I discussed it on one occasion with Frank Nelson and I believe, on another occasion, Mrs. Dupuy came in." In the meantime an enforcement of the payment of the $4,000 judgment against Edgar M. Nelson and Mr. Scouller was threatened. Edgar told his attorney, Launer, a proposition had been made to him by Clement L. Shinn, a lawyer who represented Gleason, the purchaser and holder of the assigned $4,000 judgment above mentioned, that this judgment would be satisfied on condition that the appellants would execute a waiver of their claim against the administratrix, Andrea Nelson, on account of the alleged fraudulent sale of real property. Mr. Launer testified regarding this document: "I discussed the matter of the disclaimer on several occasions during May and June and up to the signing of it in 1928, with Edgar Nelson. . . . I advised against the signing of the instrument, telling Edgar Nelson that it was extortion. . . . Ed Nelson stated to me, 'I am morally obligated to Scouller, and must save his home.' I told him to go ahead and use the disclaimer if he wanted to, but that I regretted seeing him use it." The attorney said that he thereupon prepared the proposed waiver which was signed by Edgar M. Nelson in his pres-

ence. Edgar took the document to his brothers and sister and procured their signatures thereto. They testified they were not informed of the nature or purpose of this document. The court found that no fraud or deceit was exercised in procuring this instrument. Upon satisfaction of the $4,000 judgment, this waiver of claim, which is termed a "disclaimer", was delivered to Mr. Shinn for the benefit of Andrea Nelson. It was tendered as a defense to the present suit for liquidated damages which was subsequently commenced by the appellants. The document was held to be a complete release and waiver of all claim to damages in the present suit. The instrument is in the following language:

"Disclaimer.

"The undersigned being the children of Thomas E. Nelson, deceased, being the lawful heirs of and to any of the estate of said Thomas E. Nelson, deceased, do waive, relinquish and disclaim any and all interest in and to the property comprising such estate as the same is to date listed and being probated in the probate proceeding pending before the Superior Court of the State of California, in and for the County of Los Angeles and in particular we and each of us do relinquish and release and disclaim any and all interest in and to the moneys or properties now in the hands of the administratrix of said estate as originating from or being a part of the aforesaid estate.

"Dated, this 21 day of July, 1928.

"EDGAR M. NELSON
"FRANK A. NELSON
"HJALMAR N. NELSON
"EVELYN DUPUY"

The court adopted findings to the effect that the probate sale of real property belonging to the estate of Thomas E. Nelson, deceased, was fictitious and fraudulent on the part of the administratrix; that on March 4, 1927, the appellants and their attorney, Albert Launer, obtained information from which they became convinced the sale of real property was illegal and voidable; that subsequently, on July 21, 1928, for a valuable consideration, with full knowledge of the character and effect of the instrument, the appellants executed and delivered, for the benefit of the administratrix, Andrea Nelson, a complete disaffirmance and waiver of their

claim to all property of the estate of their father and to damages on account of the alleged fraudulent sale of property belonging thereto; that this waiver constitutes a complete defense to the present action for liquidated damages, and that the plaintiffs should therefore take nothing by this suit. Judgment was thereupon rendered in favor of the defendants. From this judgment the plaintiffs have appealed.

It is contended by the appellants the findings and judgment are not supported by the evidence; that the disclaimer is a mere waiver of claim to property belonging to the estate of Thomas E. Nelson, deceased, and does not constitute a waiver to liquidated damages for the fraudulent sale of real property belonging thereto; that the purported waiver was signed by the plaintiffs without knowledge of its character or the purpose for which it was to be used; that it is invalid and void, and that the court erred in permitting the introduction of oral evidence to prove that the plaintiffs intended by the terms of this disclaimer to waive their claim to liquidated damages on account of the fraudulent sale of the property of said estate.

The evidence is adequate to support the finding of the court to the effect that Andrea Nelson, as the administratrix of the estate of Thomas E. Nelson, did fraudulently sell, in the course of administration, the dwelling-house at No. 1222 Third Avenue in Los Angeles belonging to the estate of her deceased husband, and that the plaintiffs had an interest therein. It follows that the plaintiffs who possessed an estate of inheritance therein had a valid claim against the administratrix for liquidated damages on account of said fraudulent sale. Section 1572 of the Code of Civil Procedure, which was the law of this state until it was repealed by the legislature in 1931, then provided: "Any executor or administrator who fraudulently sells any real estate of a decedent contrary to or otherwise than under the provisions of this chapter, is liable in double the value of the land sold, as liquidated damages, to be recovered in an action by the person having an estate of inheritance therein."

The evidence shows that more than a year prior to the execution of the waiver of claim, the attorney for plaintiffs who represented them in the probate proceeding was possessed of facts satisfying him that the administratrix was

guilty of fraud in the pretended sale of the homestead; that he repeatedly discussed this matter with Edgar M. Nelson and with one or more of the other plaintiffs. The evidence conclusively shows that plaintiffs' attorney was possessed of sufficient proof of fraud with relation to the probate sale to place a prudent person on inquiry regarding the nature of the transaction, and that no adequate investigation was made, notwithstanding the fact that the purported purchaser of the property, Ellen C. Mullia, resided near the property and might have been easily interviewed. The evidence also satisfactorily shows that Edgar M. Nelson acted as the agent for his brothers and sister in the transaction of procuring the execution of the release. They signed the release with at least imputed knowledge of the entire transaction, and may not now complain of the result. Indeed it was prepared by their attorney at Edgar's request for the selfish purpose of satisfying the $4,000 judgment against himself and to protect his friend Scouller. ■ If Edgar deceived his brothers and sister regarding this release, he may be liable to them for damages in a proper proceeding. Since he appeared as their agent in this transaction, and the respondents were guilty of no fraud in procuring the release, his deceit would not invalidate the instrument as a defense to the present suit for liquidated damages. There is sufficient evidence to support the finding of the court that, "It is not true that said Andrea Nelson obtained said disclaimer through any fraud, misrepresentation or deceit on her part."

■ Moreover, the knowledge on the part of their attorney of this fraudulent probate sale will also be imputed to the appellants and bind them in the present case. It must be assumed they deliberately released the administratrix from liability for her fraud, with full knowledge of the entire transaction on their part. They are, therefore, estopped from repudiating the release in the present action.

Notice of the existence of fraud may be either actual or constructive. (Sec. 18, Civ. Code; 26 C. J. 1136, sec. 56.) Section 19 of the Civil Code provides that: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."

The agency of both Edgar and their attorney is sufficiently established so as to bind the appellants by the terms of their release of liability of the administratrix for fraud in the sale of the property belonging to their father's estate. There can be no doubt the attorney Launer was the agent of the heirs whom he represented in the probate proceedings requiring him to communicate to them any information which he possessed affecting their interest in the property in' which they had an estate of inheritance. As their agent, his knowledge of the fraud would be imputed to them. In 3 California Jurisprudence, page 611, section 25, it is said in this regard: "By application of the general rule that the knowledge of an agent is imputed to his principal, there follows the special doctrine that the knowledge of an attorney is imputed to his client. This rule rests on the presumption that the attorney will discharge his duty to his principal by communicating all facts connected with the subject matter of his agency. As against third persons, however, this presumption is conclusive, although the attorney has in fact not communicated his information to his client."

The foregoing text is supported by many applicable California authorities. The court says in the case of *Atkinson* v. *Foote*, 44 Cal. App. 149, 165 [186 Pac. 831, 838]: "An attorney at law, when acting as such for his client, is an agent, and the rule that notice to an agent is constructive notice to the principal is applicable to an attorney or counsel when acting for another in a particular matter or generally in the affairs of the latter. (*Watson* v. *Sutro*, 86 Cal. 500, 517, 24 Pac. 172, 25 Pac. 64.)"

In approval of the preceding principle imputing knowledge of an attorney to his client in matters affecting the subject of his employment, section 2332 of the Civil Code provides: "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other."

In .the case of *Bogart* v. *George K. Porter Co.*, 193 Cal. 197, 209 [223 Pac. 959, 964, 31 A. L. R. 1045], knowledge on the part of an attorney of the adoption of a resolution of a corporation imposing a liability was imputed to his client in a suit upon a promissory note so as to bind her. The court there declares: "He was acting as Mrs. Bogart's

attorney. . . . As such attorney he was in charge . . . of all proceedings. . . . He acquired full knowledge of the existence of the resolution. . . . 'Knowledge possessed by an agent while he occupies that relation and is executing the authority conferred upon him as to matters within the scope of his authority, is notice to his principal.' ''

█ Upon the same principle, the knowledge of Edgar M. Nelson, concerning the existence of the administratrix's fraud in the sale of the home property, will be imputed to the other heirs. He acted as their agent in procuring not only the release but also in the affairs of the estate. He procured their signatures to various documents which were filed in the probate proceedings. In behalf of the heirs, he usually conferred with their attorney regarding the affairs of the estate.

We must therefore assume the appellants were possessed of, at least, constructive notice of the administratrix's fraud, together with knowledge of the purpose and effect of the release which they signed.

█ The appellants contend the language of the release purports to waive only their interest in such property of the estate as was actually listed at the date of the execution of the disclaimer. Upon the contrary, it is asserted they did not waive their claim to liquidated damages arising by virtue of the fraudulent sale of property. We think a reasonable interpretation of the document does not bear this construction. The instrument provides that the appellants, as the children and heirs of Thomas E. Nelson, deceased, ''do waive, relinquish and disclaim any and all interest in and to the property comprising such estate *as the same is to date listed*. . . . And in particular . . . (as to) all interest in and to the moneys or properties now in the hands of the administratrix of said estate as originating from or being a part of the aforesaid estate''. A reasonable construction of this language impels the conclusion that the plaintiffs intended to thereby waive their claims to all of their interest in property which had been listed as belonging to the estate during the probate proceedings prior to the date of that instrument, which was July 21, 1928. It is conceded that the dwelling-house at No. 1222 Third Avenue, in Los Angeles, was therefore listed and appraised as property of the estate. The theory of a fraudulent sale would leave the

inference that the sale was void and that the property still belongs to the estate. This, however, is not asserted. When the heirs further specifically waived "all interest in and to the moneys . . . as originating from or being a part of the aforesaid estate", it appears clear they had in mind the very proceeds of the sale of real property which is involved in this suit. There is no evidence that any other property of the estate was sold by the administratrix during the probate proceedings. If there is any ambiguity regarding the application of this language that uncertainty was removed by the frank and unequivocal testimony of their attorney, Albert Launer. He recited circumstances and the essence of conferences with Edgar M. Nelson and at least one of the other heirs, which leaves no doubt they intended by the terms of this release to waive their claim for liquidated damages on account of the fraudulent sale of real property by the administratrix. From the testimony of the attorney it is impossible to escape from this conclusion.

But the appellants insist it was error for the court to permit the introduction of oral evidence to establish the intent of the parties with respect to the disclaimer. The circumstances surrounding the execution of this instrument were admitted in evidence without objection. We are of the opinion this evidence concerning the surrounding circumstances under which the instrument was executed was properly admitted to show the consideration for which the release was executed and to determine the application of the terms of the instrument.

The competency of oral evidence to ascertain the intention of the parties in executing a written instrument is upheld by the text which is found in 6 California Jurisprudence, page 294, section 180, in the following language: "The rule that the intention of parties is to be ascertained from the writing alone, where a contract is reduced to writing, is subject to other rules of interpretation. A court is not only to take a contract by all its corners, but it is to be placed in the seats of the parties when it was made. In other words, a contract is to be construed in the light and with the knowledge of surrounding circumstances. Section 1647 of the Civil Code provides that, 'A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates.' "

A host of California authorities supports the foregoing declaration of law. There appears to be no doubt this principle is applicable to the facts of the present case. Section 1860 of the Code of Civil Procedure announces the same principle when it declares that: "For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret."

It will be observed the written disclaimer fails to recite the consideration for which the document was executed. Oral evidence was necessary to ascertain the consideration for which it was given, so as to determine its validity.

It appears that one of the heirs, Edgar M. Nelson, had a selfish motive in procuring the release. He and his friend, Scouller, were thereby relieved from the obligation of the $4,000 judgment. This furnishes adequate consideration for the execution of the instrument. In support of the competency of oral evidence to show the consideration for which a written instrument is executed, the court said in the case of *Merced Oil Min. Co.* v. *Patterson,* 153 Cal. 624, 628 [96 Pac. 90, 92] : "As parol evidence is always received to show the true consideration of a contract, this part of the consideration may rest upon an oral agreement of the parties, and need not, therefore, be embodied in the deed."

This principle is too well established to require further authority.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1933.