[Civ. No. 6268. Fourth Dist. Dec. 21, 1959.]

C. FRED SMITH, Appellant, v. JIM RASQUI et al., Respondents.

Preston Turner and Joseph B. Geisler for Appellant.

Stuart McHaffie and George L. Spence for Respondents.

MONROE, J. pro tem.*—Plaintiff as the owner of a subdivision lot in the City of Anaheim, brought this action for declaratory relief and to obtain a judgment to the effect that the lot owned by him was not subject to restrictions created by written declarations of restrictions and reservations filed in the office of the county recorder of Orange County in February, 1953. Plaintiff sought further an adjudication that such declaration be reformed and modified by excluding therefrom the lot owned by him and holding that by reason of changed conditions the restrictions set forth therein were no longer enforceable. Plaintiff named many owners of lots in the subdivisions as parties defendant and sought an injunction against interference with plaintiff's use of his property for business purposes. The Department of Veterans Affairs and the Greenwich Savings Bank filed answers denying the allegations of the complaint and putting plaintiff on proof. The defendants Birkinshaw, owners of a building site adjacent to plaintiff's, filed answer and contested the action. It was alleged in substance that the plaintiff had been a party to the creating of the declaration of restrictions; that he was a principal in the subdividing and selling of the property; and that he and his agents had represented to buyers therein that all of the lots contained in the subdivision were to be so restricted as to be used for residential purposes only and alleged generally that plaintiff was estopped to question the validity of the restrictions.

As the result of a trial, the issues were found against the plaintiff and a judgment was rendered by which it was adjudged that plaintiff's property was subject to the conditions,

---

*Assigned by Chairman of Judicial Council.

restrictions and reservations contained in the document of record; that any use other than as a residential lot would be a violation and breach of said restrictions and reservations; and found that the plaintiff should be enjoined from allowing any commercial use thereon. From this judgment the plaintiff appeals and attacks the judgment of the lower court upon the grounds that the findings and judgment are not supported by the evidence and are contrary to law. It is also urged that the court committed reversible error in admitting testimony alleged to be hearsay.

No brief has been filed on behalf of any of the respondents. We have therefore felt obliged to examine the record carefully to ascertain whether the judgment should be disturbed.

The appellant urges that the findings and judgment to the effect that the conditions, restrictions and reservations are valid and binding as to the property of plaintiff and appellant are unsupported by the evidence and are contrary to law.

In this connection, the appellant relies upon *Murry* v. *Lovell*, 132 Cal.App.2d 30 [281 P.2d 316]. In that opinion, the court reviewed the decisions in California and relied particularly upon the rules laid down in *Werner* v. *Graham*, 181 Cal. 174 [183 P. 945]. These decisions are to the effect that although a subdivider may follow the method and practice of recording a declaration of reservations and restrictions setting forth in detail the restrictions to be imposed and the enforceability thereof by the purchasers and owners of lots in the subdivision as against the owners of other property therein, nevertheless, such plan of restrictions does not become binding and enforceable and may not be held to subject the purchasers of property to actions to enforce the same unless those restrictions be carried into the deeds of conveyance to purchasers. The cases cited deal with a situation where a detailed plan of restrictions and reservations had been set forth in declarations thereof, duly recorded, but that the owner of the subdivision conveyed the property by deeds which failed to subject the property thus conveyed to the restrictions by appropriate provision.

There is of course sound reason for the rules laid down in these decisions. Restrictions of this character constitute a charge upon the fee title of the property conveyed and the recorded plan of restrictions does not become a mutually enforceable one as between the property owners except by their acceptance of deeds of conveyance subject to the plan of restrictions. In substance, it is held that the fact that the

parties contemplated a plan of restrictions does not affect the fee title to real estate unless properly carried out by conveyances subject to such restrictions and reservations.

In the instant case, the property comprising the subdivision was evidently owned by a limited partnership known as "The Broadway Center Company." The declaration of conditions, restrictions and reservations recorded in February, 1953, sets forth a comprehensive plan of restrictions, declares the intent that the reservations and restrictions shall run with the land and shall be for the benefit of all lots in the subdivision and shall be mutually enforceable. It is there provided that lots in the subdivision shall be improved with single-family one-story dwellings and that no buildings other than residences and the appurtenant garages are to be allowed.

It appears that the conveyance from the Broadway Center Company to the plaintiff was a deed of conveyance without any reference to the recorded declaration of restrictions and does not by its terms purport to subject the property conveyed to any restrictions or reservations. The same is true with respect to deeds introduced in evidence conveying lots from The Broadway Center Company to other purchasers. The deed to the defendants Birkinshaw was not introduced in evidence but it would appear from a reading of the transcript that in all probability no such provision was contained in that deed. It would appear therefore entirely probable that the same situation with respect to carrying into effect the plan and intent to create restrictions was subject to the same lack of effectiveness as those in *Murry* v. *Lovell, supra.*

In any event, the burden of proof was upon the parties seeking to enforce the restrictions to establish that the necessary legal steps had been taken to render them effective and binding and mutually enforceable.

It would not necessarily follow, however, that defendants would be entitled to judgment as a matter of law. It is entirely possible that a factual situation might be shown which would establish that plaintiff was estopped to deny the validity of the instructions or to deny that his property was subject thereto.

The lower court found that the appellant was "a principal of Broadway Center Company"; that he at all times knew the burdens of such restrictions and reservations; that same prohibited any structure on the lots except single-family dwellings and that plaintiff "through his duly authorized agents" made representations to the effect that the lot eventually conveyed to plaintiff was subject to the restrictions.

It appears that plaintiff was the president of a corporation known as United Western Builders, Inc., which corporation was one of the partners in the limited partnership, and it further appears that plaintiff as such president signed the declaration of restrictions. ▮ There is some evidence in the record to the effect that representations concerning the restrictions were made to the purchasers of lots in the subdivision by salesmen acting for the Broadway Center Company. It is a question of fact from all of the evidence as to whether or not the plaintiff as an individual would be estopped by statements made by the salesmen for the Broadway Center Company. (*Llewellyn Iron Works* v. *Abbott Kinney Co.,* 172 Cal. 210 [155 P. 986] ; *Nelson* v. *Nelson,* 131 Cal.App. 126 [20 P.2d 995] ; *Hay* v. *Allen,* 112 Cal.App.2d 676 [247 P.2d 94].)

Other matters would necessarily enter into a determination as to whether a plaintiff is estopped to deny that his property is subject to the restrictions and reservations. ▮ It is to be remembered that estoppel rests upon sound equitable principles and the courts are inclined to exercise great care in determining whether it is applicable. ▮ One of the essential requirements is that the estoppel must be mutual and reciprocal and that either both parties must be bound or neither party is bound. These principles have been carefully discussed in *Wilmans* v. *Weissman,* 38 Cal.App.2d 693 [102 P.2d 382].

▮ As applied to the case at bar, it would appear that the holders of title to lots in the subdivision could not enforce the restrictions and reservations as against another property owner unless there be established a mutually binding and enforceable set of restrictions. Insofar as the record before this court is concerned these reservations and restrictions are not legally binding upon the property of Mr. and Mrs. Birkinshaw which is adjacent to plaintiff's property. In such situation, it is very doubtful that a court of equity could properly enforce the restrictions as against the plaintiff.

▮ Another element essential to a determination of whether estoppel be established is the equitable principle of balancing the equities. The trial court found that plaintiff's lot was not properly suitable for residential purposes and never had been and that its highest and best use was for business purposes. The court found, however, that the restrictions were nevertheless valid and binding. ▮ Under the rules laid down in *Morgan* v. *Veach,* 59 Cal.App.2d 682 [139 P.2d 976], in determining whether a party to the litigation

is estopped with reference to restrictions, the court may properly compare and weigh the damage and loss to the party estopped as against the damage and loss to the opposing party.

Under some circumstances, a willful and intentional act may be held to estop the person to deny the restrictions even though they be onerous and result in damage to his property. Also, there is involved the question as to whether equity will by estoppel enforce restrictions detrimental to the property of the person against whom the estoppel is enforced where a reasonable award of damages would do complete equity.

At the trial some questions were asked concerning the circumstances surrounding the transaction in which the lot in question was conveyed to plaintiff, and evidence with regard thereto was ruled out. In determining the equities of the parties this evidence might well be essential.

We have mentioned these various questions, the determination of which would appear to be necessary to a proper determination of the issue as to whether plaintiff was estopped to deny that his property was subject to the restrictions. An examination of the record indicates that these questions were not considered and were not determined upon the trial. The judgment appears to have been based largely upon the finding that plaintiff's property was subject to the restrictions and reservations set forth in the recorded declaration and it would appear that the trial court inferentially found that plaintiff was estopped to assert that his property was erroneously or inadvertently included in the description of the subdivided property. In view of these uncertainties, and the fact that the findings are in part at least unsupported by the evidence and contrary to law, a new trial of the action is necessary.

Complaint is made that evidence of statements made by salesmen to purchasers of property in the subdivision were hearsay and not properly admitted in evidence. Whether this evidence is properly admissible depends upon the determination of the question, upon a more thorough examination of the facts, as to whether the acts of the salesmen were imputable to plaintiff. It may be that upon a reexamination of the facts it will be determined by the trial court that the restrictions have no legal or binding effect and a determination of the admissibility of this testimony will be unnecessary.

Judgment reversed.

Griffin, P. J., and Mussell, J., concurred.