Stephen **KUCHLER** and Lynda Kuchler, Husband and Wife et al., Appellants (Plaintiffs Below),

v.

**MARK II HOMEOWNERS ASSOCIATION, INC.,** An Indiana Not–For–Profit Corporation, Appellee (Defendant Below).

No. 1–380A59.

Court of Appeals of Indiana, First District.

Nov. 18, 1980.

Roy L. Dickinson, Franklin, for appellants.

Brian J. Deppe, LaGrange, Fredbeck & Deppe, Franklin, for appellee.

ROBERTSON, Presiding Judge.

Homeowners residing in the Mark II Subdivision in Johnson County, Indiana, brought a declaratory judgment action against the Mark II homeowners association, a not–for–profit corporation, questioning the powers of the corporation under a recorded Declaration of Covenants and Restrictions and questioning specific procedures of the corporation. The case was tried without benefit of jury and the trial court entered brief findings. Both parties appeal the trial court's decision.

The facts of the case, briefly stated, are that Mark II Subdivision consists of approximately 82 acres developed in three sections. The final plat for Section I of the subdivision was recorded on June 6, 1973. Eleven lots had been sold from this section when, on April 25, 1974, the developer, Fortress Development Co., recorded in the Miscellaneous Record a document entitled, "Declaration of Covenants and Restrictions." This document created various restrictions and covenants upon the property then owned by the developer including a mandatory homeowners association, which was, amongst other things, to maintain a common ground of two acres through mandatory assessments which could be collected through liens on the various lots. The common ground was placed in Section III. The document envisioned a not–for–profit corporation consisting of all the lot owners to run the common ground.

On April 26, 1974, the plat was recorded for Section II of the subdivision. This plat, in a general list of restrictions contained on the plat map, referred to the Recorded Declaration as a further restriction on the property in the form: "That all of the lots contained in the above plat or any portion thereof shall be subject to the further conditions as contained in an instrument entitled declaration of covenants and restrictions as recorded in miscellaneous record 50, page 41 in the office of the recorder of Johnson County, Indiana." On May 2, 1975, the plat for Section III was recorded. This third plat did not refer to the Recorded Declaration as a restriction on the property.

On April 15, 1978, four lot owners held a pre–organizational corporate meeting in order to establish the homeowners association. On April 17, 1978, the Articles of Incorporation were filed with the Secretary of State, who certified the corporation. On April 19, 1978, a formal organizational meeting for the corporation was called, however the trial court found that a quorum was not present, as required in the Recorded Declaration.

On September 7, 1978, the Complaint for Declaratory Judgment was filed questioning the Declaration as a burden on the plaintiff homeowners' land. The trial court found that the plaintiffs in Sections I and III were not so burdened, but that the plaintiff homeowners in Section II were burdened. The trial court further found that the homeowners association was validly incorporated, but because of the lack of a quorum in April of 1978 it could not assess dues for that year.

Both parties appeal. The plaintiff homeowners in Section II question whether their land is burdened by the Declaration. The homeowners association questions only whether Section III is not burdened and further questions the finding concerning the ability to collect dues for 1978. Section I is not at issue in this appeal.

We first examine the plaintiff homeowners' contention that the developer, who had sold eleven lots in Section I, cannot then place further restrictions on the rest of the development owned by the developer. Implicit in this argument is the notion that

the Mark II Subdivision is an integrated whole. It is true that a preliminary plat of the entire 82 acre tract was presented to the zoning board for approval. It is, however, the final plat that is of importance in recording and deeding the property by lot number. *See Ind.Code* 17-3-43-1. And here, there are three separate plats and thus, in effect, there are three separate developments or subdivisions. We note that it has been held that where the grantor's entire tract of land is developed in separate sections and not as a single unit, there is no general plan or scheme which would permit owners in all the subdivisions to enforce restrictive covenants against each other. *Rooney v. Peoples Bank of Arapahoe County*, (1973) 32 Colo.App. 178, 182, 513 P.2d 1077, 1080 (and cases cited therein). If treated, then, as separate entities, we have no problem with the placing of further restrictions on other sections.[1]

We next examine the effect of the Recorded Declaration on Sections II and III. We rely on the clear language found in *Wischmeyer v. Finch*, (1952) 231 Ind. 282, 288, 107 N.E.2d 661, 664:

There are two methods of creating restrictions upon the use of property. One is by express covenants contained in the deed, and the other is by a recorded plat of the subdivision and a purchaser buys lots with reference to the plat. [Citations omitted.]

We note that none of the deeds themselves contained the Declaration restrictions, but plat II did incorporate by reference this document which was recorded with the same formality as a deed. Thus, plat II did contain the restriction. On the other hand, neither plat III, nor its deeds, contained the Declarations.

There is a sound policy reason for the rule that the restrictions must be contained in the conveying instruments—the deed or plat. The deed or plat is the final word as to all agreements between the conveying parties; that is: all prior agreements are merged into the deed. Where, here, a party unilaterally sets restrictions on his property and then omits the restrictions in the actual conveying instruments, we are left wondering as to what the conveyor's intent was. There is a principle that where a general scheme is evident, the omission in some of the deeds of the restriction will not prevent the placing of a burden on the entire tract. However, in this case the tract was developed section by section, each being independent from the others. A unilateral statement of intent, even if recorded, does not overcome a complete omission from an entire section of the restrictions in the conveying instruments.

We note the language found in California cases dealing with the recording of the covenants but a failure to subject the property conveyed to the restrictions in the deed:

Restrictions of this character constitute a charge upon the fee title of the property conveyed and the recorded plan of restrictions does not become a mutually agreeable one as between the property owners, except by their acceptance of deeds of conveyance subject to the plan of restrictions. In substance, it is held that the fact that the parties contemplated a plan of restrictions does not affect the fee title to real estate unless properly carried out by conveyances subject to such restrictions and reservations.

*Smith v. Rasqui*, (1959) 176 Cal.App.2d 514, 517-18, 1 Cal.Rptr. 478, 480. *See also Riley v. Bear Creek Planning Committee* (1976) 17 Cal.3d 500, 131 Cal.Rptr. 381 (overruling *Smith* on other grounds).

We, thus, find no error in the trial court's determination that Section II is burdened by the Declaration covenants but Section III is not.[2]

---

1. Because Section I is not part of this appeal, we express no opinion on whether the developer can place further restrictions on unsold lots in Section I after the eleven lots are sold.

2. The Homeowner's Association refers us to *Clark v. Reed*, (1960) La.App., 122 So.2d 344, for the proposition that the separate recordation of the Declaration of itself creates the burden. We note, however, that the ruling is based in large part on statutes of a type not found in the Indiana Code.

As to the court's finding that, because of the failure to reach a quorum the assessment passed at the meeting is ineffective, the homeowner's association presents no real argument. The trial court made a factual finding which is not clearly erroneous—indeed, there was no contrary evidence to the finding. The Declaration itself spells out the need for the quorum. The argument of the homeowner's association concerning the validity of the corporation itself does not address this finding.

Judgment affirmed.

YOUNG, P. J. (sitting by designation), and NEAL, J., concur.