Kevin McINTYRE, Appellant–Defendant,

v.

Donald D. BAKER and Betty L. Baker, Gerald C. Hall and Elizabeth Hall, Richard L. Hankemier, Nancy A. Hipskind and James P. Hipskind, Mr. and Mrs. James H. Kurtz, Owen C. Muir and Bonnie H. Muir, Betty J. Snyder and Perry M. Snyder, Appellees–Plaintiffs.

No. 50A05–9506–CV–240.

Court of Appeals of Indiana.

Jan. 16, 1996.

James E. Easterday, Easterday & Ummel, Plymouth, for appellant.

James P. Hayes, Holmes & Hayes, Plymouth, for appellees.

### *OPINION*

BARTEAU, Judge.

Kevin McIntyre appeals from summary judgment in favor of Donald D. Baker, Betty L. Baker, Gerald C. Hall, Elizabeth Hall, Richard L. Hankemier, Nancy A. Hipskind, James P. Hipskind, Mr. and Mrs. James H. Kurtz, Owen C. Muir, Bonnie H. Muir, Betty J. Snyder and Perry M. Snyder, arguing that he is not bound by restrictive covenants on his property in Bonnie Ney's Third Addition.

### *STANDARD OF REVIEW*

Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters presented for consideration on the motion reveal that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See* Ind.Trial Rule 56(C). Once the moving party establishes that no genuine issue of fact exists, the non-moving party must set forth specific facts indicating that there is a genuine issue in dispute. If the non-moving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 18, *trans. denied.*

The party moving for summary judgment must designate to the court all matters in the record on which it relies for the motion. The non-moving party must also designate to the court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." Ind.Trial Rule 56(C). All properly asserted facts and reasonable inferences must be construed in favor of the non-moving party, and any doubt as to the existence of a factual issue must be resolved against the moving party. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 633.

## FACTS

The plat of "Bonnie Ney's Addition" was recorded in the Marshall County Recorder's Office on August 31, 1937. The plat consisted of two parallel strips of lots. The eastern strip contained lots numbered # 1 through # 28, and the western strip contained lots # 29 through # 60.

On January 8, 1960, Anna Bell Wallace and Ethel V. Tapscott, the owners of all of the lots in Bonnie Ney's Addition except lots # 27 and # 28 entered into a restrictive covenant. Lots # 27 and # 28 of the addition were expressly excluded from the restrictive covenant because neither party to the covenant owned those lots. The restrictions were recorded in the Marshall County Recorder's Office on January 11, 1960. A notation referring to the restrictions appears at the top of the plat of Bonnie Ney's Addition. One of the restrictions provided as follows:

> 3. No owner shall erect or suffer to be erected any temporary structures, trailers, garage houses, basement houses or any other temporary dwelling quarters. All buildings to be of new construction, no buildings to be moved in.

On December 5, 1960 the plat of "Bonnie Ney's Second Addition" was recorded. Lots # 1, # 2, and # 3 of the original plat of Bonnie Ney's Addition were replatted as part of Bonnie Ney's Second Addition. The dedication of the plat of Bonnie Ney's Second Addition contains several restrictions that are almost identical to the restrictions that were placed on Bonnie Ney's Addition. The document placing the restrictions on Bonnie Ney's Addition was not referred to in the plat of Bonnie Ney's Second Addition.

On June 2, 1966, the plat for "Bonnie Ney's Third Addition" was recorded. The description of the plat states that it is a replat of Lots # 29 through # 60 of Bonnie Ney's Addition, and also a triangular parcel of ground north of Lot # 60 of Bonnie Ney's Addition. The dedication of the plat of Bonnie Ney's Third Addition does not contain any restrictions and does not refer to any restrictions created in any other addition at any other time.

On April 20, 1982, Anna Bell Wallace conveyed Lot # 18 in Bonnie Ney's Third Addition to Francis E. Chapman and Anna Chapman by warranty deed. The warranty deed stated that the conveyance was "subject to restrictions of record". On April 20, 1994, the Chapmans conveyed Lot # 18 to Kevin McIntyre by land contract which stated in part as follows:

> such general Warranty Deed shall also be subject to all liens or encumbrances created or suffered by the Purchaser, to zoning regulations now or hereafter imposed, and to all easements, restrictions, conditions, and covenants of record affecting either the alienability or the use of the Real Estate.

Lot # 18 consists of Lots # 59 and # 60 of Bonnie Ney's Addition and the triangular parcel of land north of Lot # 60.

On April 25, 1994, McIntyre petitioned the Marshall County Plan Director for an improvement permit. He was granted a permit to place a manufactured home, breezeway and garage on Lot # 18. McIntyre then purchased a manufactured home and built a cement foundation for the manufactured home. While he was installing the home, a neighbor informed him that he was in violation of neighborhood restrictive covenants.

## EXISTENCE AND VALIDITY OF RESTRICTIVE COVENANT

McIntyre raises two arguments against the existence and validity of the restrictive covenant on Bonnie Ney's Third Addition. First, McIntyre argues that the restrictions that were placed on Bonnie Ney's Addition do not apply to Bonnie Ney's Third Addition because the recorded plat of Bonnie Ney's Third Addition does not contain any restrictions, and does not refer to any document containing restrictions. Second, McIntyre argues that the restrictions placed on Bonnie Ney's Addition are invalid and could not be enforced even if they had been incorporated into Bonnie Ney's Third Addition.[1]

---

1. McIntyre also argues that Lot # 18 is not subject to restrictions placed on Bonnie Ney's Addition because Lot # 18 consists of a large portion of land that was never part of Bonnie Ney's Addition. However, McIntyre raises this argument for the first time on appeal; thus, the issue

In support of his first argument, McIntyre cites *Wischmeyer v. Finch* (1952), 231 Ind. 282, 107 N.E.2d 661, 664, for the proposition that restrictive covenants are created either by express covenants contained in the deed, or by a recorded plat of the subdivision with reference to which a buyer purchases lots in the subdivision. He argues that because the restrictions appear in neither the land contract nor the plat of Bonnie Ney's Third Addition, there are no restrictions on Bonnie Ney's Third Addition.

McIntyre further relies on *Kuchler v. Mark II Homeowners Ass'n, Inc.* (1980), Ind. App., 412 N.E.2d 298, in support of this argument. In *Kuchler*, the developer recorded the plats of a subdivision in three different sections. After the plat of the first section had been recorded and several lots from the first section had been sold, the developer recorded a document containing a restrictive covenant. The plats of the second and third sections were recorded after the restrictive covenant was recorded. The plat of the second section contained a general list of restrictions and referred to the recorded document for further restrictions. The plat of the third section did not contain any restrictions and did not refer to the document of recorded restrictions. The court treated the sections as separate entities and held that the second section was burdened by the restrictive covenant, but the third section was not. *Id.* at 300. The court stated that neither the plat nor the deeds conveying the lots of the third section contained restrictions, and therefore the third section was not burdened by the restrictive covenant. *Id.*

In *Kuchler*, the lots of the three sections were originally platted as separate entities, not as part of a single entity that was subject to a restrictive covenant. Because the sections were separate entities, each section had to contain restrictions in either the plat or the deed in order for that section to be burdened by the restrictive covenant. Unlike *Kuchler*, the lots of Bonnie Ney's Addition were a single entity at the time the restrictive covenant was recorded, and the lots subject to the restrictions were clearly identified by reference to the recorded plat.

is not preserved for review and we cannot address it.

Bonnie Ney's Addition was later replatted into separate sections, but this does not affect the restrictions that were placed on the plat of Bonnie Ney's Addition when it was platted as a single entity.

There were recorded restrictions on Bonnie Ney's Addition, and Bonnie Ney's Third Addition replats Lots # 29 through # 60 of Bonnie Ney's Addition, lots which were subject to those recorded restrictions. An owner of lots within a plat cannot modify restrictions on the plat without the consent of all of the owners of all of the lots in the plat. *Wischmeyer*, 107 N.E.2d at 664. It follows that the owner of Lots # 29 through # 60 cannot avoid the restrictions on the land in Bonnie Ney's Addition by replatting the land without making reference to the restrictions on the replat. *See Bob Layne Contractor, Inc v. Buennagel* (1973), Ind.App., 301 N.E.2d 671, 678 (statutory vacation of a plat does not dissolve restrictive covenants incorporated in the plat and running with the land). *See also Ingram v. Wirt* (1993), 314 Ark. 553, 864 S.W.2d 237, *on denial of reh'g*, 314 Ark. 553, 869 S.W.2d 685 (restrictive covenant mandating one single family residence per lot prohibited owners from replatting lot so as to place two homes on the property). All of the owners of the land subject to the restrictive covenant did not consent to its removal, and therefore the restrictive covenant placed on Bonnie Ney's Addition was not removed by merely replatting some of the lots into Bonnie Ney's Third Addition.

Having decided that the restrictive covenant was not removed by replatting the land, we now turn to whether the restrictive covenant placed on Bonnie Ney's Addition was valid and enforceable. In support of this argument, McIntyre asserts that the restrictions placed on Bonnie Ney's Addition are invalid because two of the lots within the plat had been sold before the restrictive covenant was entered. McIntyre again cites *Wischmeyer*, for the following proposition:

> [I]f the owner of an entire plat of land desires to modify such plat before the sale of any lot therein, he must do so by a

written instrument declaring the modifications, and such instrument must be executed, acknowledged and recorded in like manner as deeds of land. If any lot, or part of a lot, located in such plat shall have been sold and conveyed, no modification thereof can be made unless the owners of all the lots and parts therein 'join in the execution of such writing.'

107 N.E.2d at 664.

In *Wischmeyer* the recorded plat contained restrictions, but the purchasers argued that the restrictions did not apply to their lots because the deed conveying the property did not contain any restrictions. The court held that the owner of a lot within a recorded plat could not modify the restrictions recorded in the plat unless all of the owners of all of the lots joined in the execution of a writing making the modification. *Id.* Therefore, the land owner could not waive the restrictions on the lots by conveying the lots without reference to the recorded restrictions in the instrument of conveyance. *Id.* at 665.

■ Unlike *Wischmeyer*, the covenantors did not attempt to waive recorded restrictions after some of the lots of the plat were sold, but instead entered into the restrictive covenant after some of the lots were sold without restrictions. We have previously held restrictive covenants on subdivisions to be valid even though some of the lots of the subdivision were sold without restrictions.[2] *See Elliot v. Keely* (1951), 121 Ind. App. 529, 98 N.E.2d 374; *Corner v. Mills* (1995), Ind.App., 650 N.E.2d 712. The fact that some lots in a subdivision are sold without restrictions does not invalidate restrictions placed on the remaining lots.[3] The restrictive covenant on Bonnie Ney's Addition was valid and applies to the lots replatted into Bonnie Ney's Third Addition.

*NOTICE*

■ McIntyre also argues that a genuine issue of material fact exists as to whether he had notice of the restrictive covenants on Bonnie Ney's Third Addition when he purchased Lot # 18. A landowner must have actual or constructive notice of restrictions on the land at the time he acquires title to the land in order for the restrictions to be enforced against him. *Newell v. Standard Land Corp.* (1973), 156 Ind.App. 597, 297 N.E.2d 842, 846 (citing *Starz v. Kirsch* (1922), 78 Ind.App. 431, 136 N.E. 36, 37.)

Concerning notice, we have previously stated:

> The law recognizes two kinds of notice, constructive and actual. Constructive notice is a legal inference from established facts. Deeds and mortgages, when properly acknowledged and placed on record as required by statute, are constructive notice of their existence and charge a subsequent grantee with notice of all that is known by the record. (Citation omitted.) Notice is actual when it has been directly and personally given to the person to be notified ...

*Wienke v. Lynch* (1980), Ind.App., 407 N.E.2d 280, 286. Because the restrictions on Bonnie Ney's Addition are properly recorded and are within the chain of title of Lot # 18 of Bonnie Ney's Third Addition, McIntyre had constructive notice of the restrictions. "[A] purchaser is bound by any instrument of record found within his chain of title." *Residents of Green Springs Val. v. Town of Newburgh* (1976), 168 Ind.App. 621, 344 N.E.2d 312, 316.

Summary judgment as to the existence and validity of the restrictive covenants and

2. The pertinent factor in determining the enforceability of a restrictive covenant is whether the grantors intended to create a general plan or scheme. *See, e.g., Corner v. Mills* (1995), Ind. App., 650 N.E.2d 712. The sale of some lots without restrictions may be evidence of the lack of a general plan. However, McIntyre does not argue that there is not a general plan, but merely asserts that the sale itself invalidates the restrictive covenant.

3. Also, the owners of abutting pieces of property are free to contractually place restrictions on their own land. *See Micek v. Metzger* (1988), 228 Neb. 437, 422 N.W.2d 791 (restrictive covenant applying to only some of the lots in a plat can stand on its own and is valid and enforceable).

as to notice of the restrictive covenants is AFFIRMED.[4]

RUCKER and CHEZEM, JJ., concur.

4. We note that the trial judge did not decide whether the manufactured home that McIntyre placed on Lot # 18 violated the restrictions on Bonnie Ney's Third Addition.