MABEL CASEY, APPELLEE, v. PATRICIA ADDISON, APPELLANT.

211 N. W. 2d 410

Filed October 19, 1973.   No. 38913.

William J. Brennan, Jr., and C. L. Robinson, for Fitz-gerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellant.

J. William Gallup of Gallup & Matejka, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The plaintiff, Mabel Casey, was injured in a fall at the home of her daughter, Patricia Addison, the defendant. The latter appeals from a verdict and judgment in the amount of $15,000 in favor of the plaintiff.

The plaintiff is a resident of North Carolina. On August 25, 1970, she came to Omaha, Nebraska, to visit in the home of the defendant. The plaintiff was then 78 years of age and had severe impairment of the vision in her right eye.

On the morning of September 19, 1970, the plaintiff noticed a boot belonging to one of the grandchildren on the terrace outside the house. The terrace was a raised area with concrete steps leading to it from a patio. The plaintiff went outside to get the boot and was injured when she fell on the steps.

The petition alleged the defendant was negligent in maintaining a defective cement staircase with a loose, crumbling step and in failing to warn the plaintiff of that condition. The answer alleged contributory negligence and assumption of risk.

The plaintiff testified that when she stepped on the corner of the lower step, "something gave way" and she fell. After the accident it was found that a part of the right corner of the lower step had broken off. The exact size of the fragment is not shown in the record. The plaintiff further testified that the step

appeared to be normal, but on cross-examination admitted that she had not looked at the step that morning.

The defendant testified that before the accident she had noticed the bottom part of the step was eroding and there was a hollowed-out area near the edge. There was no direct evidence that the corner of the step broke because of the erosion of the lower step.

The plaintiff was a social guest in the home of the defendant. It is a well-established rule in this state that a social guest is a mere licensee. Hackney v. Klintworth, 182 Neb. 219, 153 N. W. 2d 852; Johnson v. Goodier, 182 Neb. 172, 153 N. W. 2d 445; Roan v. Bruckner, 180 Neb. 399, 143 N. W. 2d 108. The owner or occupant of property owes to a licensee the duty only to refrain from injuring him by willful or wanton negligence or a designed injury, or by failure to warn of a hidden danger or peril known to the owner or occupant but unknown to or unobservable by the licensee in the exercise of ordinary care. Hackney v. Klintworth, *supra.*

The plaintiff argues the eroding step was a concealed defect or hidden danger for which the defendant should be held liable. The evidence shows, however, that the eroded condition of the step was not concealed and could have been observed by anyone looking at the step. The evidence will not support a finding that the eroded condition of the step was a concealed defect or hidden danger. The evidence failed to establish any basis for liability of the defendant to the plaintiff.

It is unnecessary to consider the other assignments of error. The judgment is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.