PAULINE DUKES, APPELLANT, v. DALE M. BARKDOLL AND LINDA L. BARKDOLL, APPELLEES.

319 N.W.2d 432

Filed May 14, 1982. No. 44034.

D. C. Bradford of Bradford, Coenen & Ashford, for appellant.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellees.

Heard before BOSLAUGH, McCOWN, and HASTINGS, JJ., and QUIST, D.J., and RONIN, D.J., Retired.

QUIST, D.J.

The plaintiff, Pauline Dukes, was a social guest in the home of her daughter and son-in-law, the defendants, Linda L. Barkdoll and Dale M. Barkdoll. At about 3:30 p.m. on October 14, 1978, the plaintiff went to the basement to remove a dress from the clothes dryer and, while walking down the basement staircase, fell, sustaining injuries.

During the week preceding October 14, 1978, the defendants had undertaken renovation of their basement, including removing a part of the bottom step and the entire right-hand wall. In removing the wall, defendants also removed the handrailing which had been attached thereto.

Defendants moved for summary judgment on the grounds that the defendants had not breached any duty of care owed by them to plaintiff, or, in the alternative, that the fall sustained by plaintiff was the result of her own conduct or negligence going

down the stairway. The District Court sustained the motion for summary judgment and dismissed the case. Plaintiff appeals, contending that the lower court erred in granting the motion, on the grounds that there were material facts at issue which should have been submitted to the court.

"Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. The burden is upon the party moving for summary judgment to show that no issue of fact exists, and unless he can conclusively do so the motion must be overruled. In considering a motion for summary judgment the court views the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be drawn therefrom." *Johnson v. Metropolitan Utilities Dist.,* 176 Neb. 276, 278, 125 N.W.2d 708, 709 (1964).

Accordingly, the question that must be answered is whether the plaintiff presented any evidence which could be submitted to a jury to the effect that the defendants breached a duty to the plaintiff which proximately resulted in her injuries. The plaintiff as a social guest in the defendants' home had the status of a licensee.

"The owner or occupant of property owes to a licensee the duty only to refrain from injuring him by willful or wanton negligence or a designed injury, or by failure to warn of a hidden danger or peril known to the owner or occupant but unknown to or unobservable by the licensee in the exercise of ordinary care." *Casey v. Addison,* 190 Neb. 634, 636, 211 N.W.2d 410, 411 (1973).

By the plaintiff's testimony, she fell downward "maybe three, four from the bottom and, ah, went down." The evidence shows that the bottom step was the only step that had been altered by the remodeling. The absence of the handrail cannot be

considered as an involvement or contributing circumstance to plaintiff's fall, as she testified in her deposition that she knew when she was at the top of the stairs there was no railing. There being no evidence presented that the changes caused by the remodeling in any way caused or contributed to the plaintiff's fall, the District Court was correct in granting defendants' motion for summary judgment, and is therefore affirmed.

AFFIRMED.