UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, LOCAL 280, Appellant (Plaintiff Below),

v.

COUNTY LINE CHEESE COMPANY, INC., Appellee (Defendant Below).

No. 3–184A19.

Court of Appeals of Indiana, Third District.

Oct. 15, 1984.

Kevin P. Wallace, Auburn, for appellant.

Philip L. Carson, Grant F. Shipley, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for appellee.

HOFFMAN, Judge.

■ Appellant (herein Union) seeks review of the trial court's grant of summary judgment in favor of appellee (herein Employer). Our standard of review in such cases is that when reviewing the grant of summary judgment, this Court must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Law v. Yukon Delta, Inc.*, (1984) Ind.App., 458 N.E.2d 677.

■ The sole issue which is dispositive of this appeal is whether the trial court erred in granting Employer's motion for summary judgment and denying Union's motion for summary judgment. Union contends that the trial court erred in finding that the activity grieved of was not arbitrable as the collective bargaining agreement did not prohibit the activity in which Employer was engaging.

The facts relevant to this appeal are as follows. The parties had engaged in contract negotiations over a lengthy period of time which culminated with the signing of a collective bargaining Agreement (herein Agreement) on November 19, 1982, in effect retroactively from August 26, 1982, through August 24, 1985. The Agreement contained the following provision (herein Section 5) with respect to grievances:

## "SECTION 5.

### GRIEVANCE PROCEDURE

(a) Any differences, disputes or complaints arising after the effective date of this Agreement over (1) the interpretation or application of this Agreement and (2) appeal on the justification of any disciplinary action taken by the Company against any Employee covered by this Agreement, shall be presented in accordance with this section and an earnest effort made on the part of both parties to settle it promptly through the following steps exactly as outlined[.]"

A three-step procedure follows, the final step providing for arbitration if all other steps do not yield a satisfactory result. The thrust of this initial paragraph (a) is that there are specifically two areas which may breed complaints and ultimately arbitration: 1) the interpretation or application of the Agreement; or 2) an appeal on the justification of any disciplinary action taken by the Employer against any employee covered by the Agreement.

Where parties to a collective bargaining agreement which provides arbitration as a form of dispute resolution, fail or refuse to submit to arbitration on a properly grievable issue, the Indiana Legislature has provided an enforcement tool. IND.CODE § 34–4–2–3(a) states:

Content:

---

"On application of a party showing an agreement described in section 1 of this chapter, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration...." [1]

Beginning no later than June 4, 1982, none of the Employer's product was delivered by an employee represented by the Union. Employer had, on or about January 3, 1982, eliminated its "Trucking Department" and instead was contracting with others the hauling of its products. During negotiations for the current Agreement, it is clear that Union made a proposal numerous times to, "Return trucking department." On each occasion Employer refused to accept the proposal, and such proposal was not incorporated into the Agreement when it was finally written. Thereafter on March 9, 1983, the Union, through its steward, filed Grievance No. 83–10 in accordance with the procedure established in Section 5 of the Agreement. The grievance stated that the use of non-Union truckers was in violation of the Agreement.[2] Employer responded that the grievance was not timely filed. In addition, Employer's response stated that it "is not a grievance" as that term is used in the Agreement. The practice continued and on March 25, 1983, the Union filed a second similar grievance, No. 83–12. In its response to this grievance, Employer stated that the practice of contracting to others its hauling operation had been "extensively negotiated in finalizing the present Collective Bargaining Agreement, which became effective on August 26, 1982." There was no resolution of the problem.

After Employer refused arbitration, Union filed its petition to compel arbitration in the DeKalb Circuit Court. Subsequent to the Union's filing of the petition to compel, both parties filed motions for summary judgment[3] along with supporting memorandums, affidavits, and exhibits. The trial court, after hearing oral arguments, granted Employer's motion for summary judgment finding that there existed no genuine issue of material fact on the arbitrability of Union's grievance. It is that judgment which Union appeals, seeking reversal and an order to compel arbitration.

It is clear that the conduct complained of is not covered by the second grievable area of Section 5. The ultimate question before this Court is whether or not Union may seek arbitration on a matter which is not specifically given the right to have arbitration upon in the Agreement. This Court must determine whether the issue grieved is covered by the first area of Section 5, the interpretation or application of the Agreement.

While the Arbitration Act allows aggrieved parties to enforce the right to arbitration which they have contractually agreed upon, the act does not form the issues which are arbitrable. When reviewing this issue on a prior occasion, this Court in *Intern. Broth. etc. v. Citizens Gas & Coke*, (1981) Ind.App., 428 N.E.2d 1320, discussed the decision in *Flood v. Country Mutual Insurance Company*, (1968) 41 Ill.2d 91, 242 N.E.2d 149, and held that, " 'The Act does not, however, control which issues are subject to arbitration; this is governed by the arbitration agreement between the parties.' " 428 N.E.2d at 1324. This Court

1. IND.CODE § 34–4–2 *et seq.* is the Uniform Arbitration Act. Section 1 of the act refers to a written agreement to submit to arbitration.

2. In its entirety, Grievance 83–10 reads as follows:

"STATEMENT OF GRIEVANCE: The Union grieves the continuing use of non-bargaining unit non-union truckers to haul County Line Cheese products from the Auburn plant to markets, warehouses and or other facilities. The Union considers this a violation of the contractual agreement between the parties which is [sic] continued since August 26, 1982, the date of the current collective bargaining agreement. The Union demands a complete reinstatement of all bargaining unit members that were eliminated from the trucking Department through the Company's violation of the contract, that the Company cease this practice, and that all Union members affected by the Company's violation be compensated and be made whole."

3. Employer filed a Trial Rule 12 motion to dismiss along with supporting documents to be considered as a Trial Rule 56 motion for summary judgment.

has also held, "Since arbitration arises through contract the parties are essentially free to define for themselves what questions may be arbitrated[.]" *Sch. City of E. Chicago v. E. Chicago Fed.,* (1981) Ind. App., 422 N.E.2d 656, at 662.

The Agreement between Union and Employer is completely silent with respect to the return of the trucking department or contracting to others its hauling requirements. It is clear that the parties bargained with this clause in mind.[4] As the final Agreement does not include a provision to return the trucking department nor does it forbid the contracting of hauling operation to others, this Court may not infer such provision. As the *Flood* case, which this Court followed once before, states:

> "Despite the salutary purpose of our Arbitration Act, parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication." 242 N.E.2d at 151.

The first grievable area under Section 5 of the Agreement does not provide Union with a grievance remedy for Employer's contracting to others its hauling requirements. Thus the trial court was not in error for finding in favor of Employer's motion for summary judgment. Therefore the decision of the trial court is affirmed.

Affirmed.

STATON, P.J., concurs.

GARRARD, J., concurs in result.

---

**4.** This fact is agreed upon by the parties as stated in appellant's reply brief at page 3, appellee's brief at page 6, and as found by the trial court in its ruling on the motions for summary judgment.