WILLIAM K. LAKE, APPELLANT, V. PIPER, JAFFRAY AND HOPWOOD
INCORPORATED ET AL., APPELLEES.

365 N.W.2d 838

Filed April 12, 1985. No. 84-250.

Frank Matthews of Matthews & Cannon, P.C., for appellant.

Michael A. Nelsen of Schmid, Ford, Mooney & Frederick, and Gordon G. Busdicker of Faegre & Benson, for appellee Piper, Jaffray and Hopwood.

James P. Fitzgerald of McGrath, North, O'Malley & Kratz, P.C., for appellee Omaha Public Power District.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, and SHANAHAN, JJ.

PER CURIAM.

The plaintiff, William K. Lake, appeals from the order of the district court sustaining the motions for summary judgment filed by the defendants, Piper, Jaffray and Hopwood Incorporated (PJH), and Omaha Public Power District (OPPD). The trial court found that the suit was barred by the statute of limitations and res judicata.

The plaintiff is a ratepayer who filed suit on March 17, 1983, alleging that OPPD entered into a financial consulting contract with PJH on March 17, 1977, which was illegal and void as against public policy because (1) its compensation provision violated Neb. Rev. Stat. § 70-624.01 (Reissue 1981), and (2) it was the result of misrepresentations made by PJH that its fees for consulting services would be less than that of OPPD's previous financial advisor. The plaintiff sought a declaration

that the agreement was void, an injunction to prevent OPPD from making any further payments under the agreement, and recovery by OPPD of all payments made under the agreement.

Both defendants filed motions for summary judgment alleging that the plaintiff's suit was barred by the statute of limitations and res judicata. The trial court sustained both motions, stating that the plaintiff's suit was barred by Neb. Rev. Stat. § 25-207 (Reissue 1979). This statute bars trespass, conversion, fraud, and similar tort actions not filed within 4 years of the accrual of the action.

The trial court also found that the suit was barred by res judicata.

In 1977 the plaintiff filed a suit alleging the same contract was void and seeking to recover any payments made thereunder. That action was dismissed on defendants' demurrers for failure to state facts sufficient to constitute a cause of action. The judgment was affirmed by this court in *Lake v. Piper, Jaffray & Hopwood Inc.*, 212 Neb. 570, 324 N.W.2d 660 (1982). The plaintiff had failed to make a demand upon OPPD prior to filing suit or to amend his petition, after making a demand, when given the opportunity by the trial court. The district court considered the decision a judgment on the merits and thus a bar to the present suit.

The plaintiff contends that his suit is not barred by the statute of limitations or res judicata. As the statute of limitations issue is dispositive of the appeal, it is the only issue we address.

The statute of limitations runs from the date the cause of action first accrues. A cause of action accrues when the aggrieved party has the right to institute and maintain a suit. *Condon v. A. H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984); *Kearney Clinic Bldg. Corp. v. Weaver*, 211 Neb. 499, 319 N.W.2d 95 (1982); *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 278 N.W.2d 596 (1979).

The plaintiff characterizes his suit as one to recover payments made *upon* a contract, and argues that the cause of action accrued on March 29, 1979, the date the payments were made. The plaintiff argues that the action is not barred by the 5-year statute of limitations for actions based on contract, Neb. Rev. Stat. § 25-205 (Reissue 1979), because the petition was

filed on March 17, 1983.

The plaintiff's characterization is mistaken. The suit seeks to declare the March 17, 1977, agreement illegal and void. If the contract is illegal, it was illegal on the date of its execution. Consequently, plaintiff's cause of action accrued on March 17, 1977.

The trial court found that the action was barred by § 25-207, primarily because the first cause of action alleged in part that the contract was illegal because of misrepresentation by PJH as to the amount of its consulting fees; thus, the statute of limitations governing fraud was applicable. There was no issue as to discovery because the plaintiff had knowledge of the representations by PJH at the time the first suit was filed, March 24, 1977.

We believe the statute of limitations applicable in this case is the general statute, Neb. Rev. Stat. § 25-212 (Reissue 1979), which bars actions "not hereinbefore provided for" that have not been commenced within 4 years. Since the petition was filed more than 4 years after March 17, 1977, the action is barred by the statute of limitations. However, since the action is barred, even if we apply the longer limitation period of § 25-205, it is not necessary for us to determine if an action to declare a contract illegal is an "action upon a . . . contract" or one of those actions "not hereinbefore provided for." § 25-212.

It is unnecessary to consider the second and third causes of action, since the plaintiff has made no assignment of error concerning them.

The judgment of the district court is affirmed.

AFFIRMED.

CAPORALE and GRANT, JJ., not participating.