Sandra STOCKER and Wenzell Stocker, Appellants (Plaintiffs),

v.

Michael P. CATALDI, P.J. [sic] Cataldi and Sharon Cataldi, Appellees (Defendants).

No. 3–1084A290.

Court of Appeals of Indiana, Third District.

Sept. 30, 1985.

---

R. Cordell Funk, Hammond, for appellants (plaintiffs).

Kenneth D. Reed, Hammond, for appellee (defendant) R.J. Cataldi.

Frank J. Galvin, Jr., Bruce P. Clark, Galvin, Stalmack & Kirschner, Hammond, for appellee (defendant) Sharon Cataldi.

STATON, Presiding Judge.

Sandra and Wenzell Stocker (Stockers) appeal from a grant of summary judgment in favor of Michael, R.J., and Sharon Cataldi in a suit for damages arising from an automobile accident. There is one issue on appeal:

> Whether the trial court's grant of summary judgment was appropriate as a matter of law.

Affirmed in part; reversed in part.

Sandra Stocker was injured when she was struck by an automobile owned by Sharon Cataldi and driven by her son, Michael, who is under 18. R.J. and Sharon Cataldi (hereinafter Mr. and Mrs. Cataldi, respectively), Michael's parents, were divorced at the time and Mrs. Cataldi had custody of Michael. Mrs. Cataldi had signed the financial responsibility section of Michael's learner's permit and Mr. Cataldi had signed the same section on a duplicate learner's permit. Michael had an operator's license at the time of the accident, which neither Mr. or Mrs. Cataldi had signed for financial responsibility.[1]

The Stockers filed suit against Michael and his parents. The Stockers alleged the negligence of Michael, the joint and several liability of Mr. Cataldi, and the negligence of Mrs. Cataldi in entrusting the automobile to Michael. Mr. Cataldi moved for summary judgment on the question of his liability saying he had not signed the financial responsibility section of Michael's operator's license. Mrs. Cataldi moved for summary judgment on the basis that no facts were alleged that would support a theory of negligent entrustment. The trial court granted summary judgment for both Mr. and Mrs. Cataldi. The Stockers appeal.

---

**1.** The evidence on the record is in the form of affidavits and exhibits filed by Mr. Cataldi in support of his motion for summary judgment. The exhibits purport to be photocopies of the applications for Michael's learner's permit, duplicate learner's permit, and operator's license. However, there is no evidence that these copies were properly attested to by the officer having the legal custody of the records or his deputy. *See* Ind. Rules of Procedure, Trial Rule 44.

These copies would thus be inadmissible, except that there is nothing in the record to show that the Stockers objected to their admissibility. Also the Stockers have not raised the issue on appeal. In addition, in their "factual summary" in reply to Mrs. Cataldi's affidavit, the Stockers included properly attested copies of Michael's applications. Finally, the exhibits were merely cumulative of the facts sworn to in Mr. Cataldi's affidavit.

■ The trial court did not err in granting summary judgment for Mrs. Cataldi. Our standard of review of a grant of summary judgment is that this Court must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *United Food and Comm. Workers v. Co. Line Cheese* (1984), Ind.App., 469 N.E.2d 470, 471. The trial court's decision was based on affidavits, exhibits, and depositions filed by both Mrs. Cataldi and the Stockers. There is no family purpose doctrine in Indiana; the mere fact of a family relationship will not impose vicarious liability. Vicarious liability attaches in the permissive use of an automobile by a family member only where a master-servant or agency relationship is established. *Barnd v. Borst* (1982), Ind. App., 431 N.E.2d 161, 165; *Wimp v. Anthis* (1979), Ind.App. 396 N.E.2d 918, 920; *Grinter v. Haag* (1976), 168 Ind.App. 595, 601, 344 N.E.2d 320, 324, 325; *Pierce v. Horvath* (1968), 142 Ind.App. 278, 282, 233 N.E.2d 811, 814. No master-servant or agency relationship has been alleged, and no factual support has been offered to establish such a relationship. Therefore, summary judgment was appropriate in this instance.

■ The Stockers also allege that Mrs. Cataldi could have or should have known of Michael's incompetence to drive on the day in question. The law in Indiana is that a bailor who gives a dangerous article to a bailee, knowing that it will be used in a way to endanger others, is chargeable with negligence; however, the bailor must have actual knowledge of the bailee's incompetence. Evidence that the bailor "could have" or "should have" known of the bailee's incompetence is not sufficient. *Ellsworth v. Ludwig* (1967), 140 Ind.App. 437, 440, 223 N.E.2d 764, 766, *transfer denied*, 249 Ind. 4, 230 N.E.2d 612. The evidence presented by the Stockers with their "factual summary" shows that Michael pled guilty to driving while intoxicated. Their evidence, such as it is, on Mrs. Cataldi's knowledge of this is restricted to her past dealings with Michael's off and on use of marijuana. The Stockers make no allegations and present no evidence from which it may be inferred that Mrs. Cataldi had actual knowledge of Michael's intoxication on the day in question. Thus summary judgment in favor of Mrs. Cataldi was appropriate and the trial court is affirmed.

■ The trial court did err in granting Mr. Cataldi's motion for summary judgment. The Stockers predicate Mr. Cataldi's liability on IC 1980, 9-1-4-32 (Burns Code Ed.). This section reads in pertinent part:

"(c) The application, of any person, under the age of eighteen (18) years, for any permit or license to be issued under the provisions of this chapter, shall be signed and sworn to or affirmed before a person authorized to administer oaths, by either parent having custody of the applicant, otherwise by the guardian having custody of the applicant or in the event neither parent is living within the state and the applicant has no guardian, then by the person having custody of him or by an employer of the applicant and in the event there is no parent, guardian, or employer, then by any other responsible person, who is willing to assume the obligations imposed upon him by the provisions of this section.

(d) Any person so signing an application as above provided thereby agrees to be responsible, jointly and severally with the applicant, for any injury or damage which the applicant may cause by reason of the operation of a motor vehicle, in all cases where the applicant is liable in damages."

The clear purpose of this statute is to provide a source of financial responsibility where underaged drivers are the cause of an accident. The legislative scheme therefore provides for only three mechanisms by which the liability of the signer can be discharged: when the signer requests, in writing, cancellation of his liability (IC 9-1-4-32(e)); when the applicant reaches the age of 18 (IC 9-1-4-32(f)); and when the signer dies (IC 9-1-4-32(g) and (h)). The phrase, "*any* permit *or* license to be issued

under the provisions of this chapter," should thus be given its plain and ordinary meaning. *See Sekerez v. Youngstown Sheet and Tube Company* (1975), 166 Ind. App. 563, 567, 337 N.E.2d 521, 524. A duplicate permit obtained under IC 9–1–4–39 falls within the provisions of IC 9–1–4–32. Liability must also attach when *either* a permit or license is signed; therefore, once the signer affixes his signature to any permit, he is liable until he is discharged under IC 9–1–4–32(e) to (h).

Mr. Cataldi signed for the duplicate learner's permit. Therefore, it is proper to hold him financially responsible. The trial court's grant of summary judgment in favor of Mr. Cataldi is reversed.

Affirmed in part; reversed in part.

HOFFMAN and GARRARD, JJ., concur.