DALE K. MOSEMAN, APPELLANT, V. L & P INVESTMENT COMPANY ET AL., APPELLEES.

414 N.W.2d 254

Filed October 23, 1987.   No. 85-942.

Robert R. Moodie of Friedman Law Offices, for appellant.

Thomas A. Otepka of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The plaintiff, Dale K. Moseman, commenced this action to recover damages for the injuries he sustained when he jumped from a window of a second-floor apartment in a building owned by the defendants. The trial court sustained the defendants' motion for summary judgment and dismissed the petition. The plaintiff has appealed.

The petition alleged that on December 23, 1980, the plaintiff was a social invitee in an apartment leased by Joyce Brooks from the defendants; that a life-threatening situation arose when the plaintiff was violently attacked by another individual; that the doors to the apartment were equipped with deadbolt locks that required the use of a key to unlock the doors of the apartment on the outside or the inside; that because the plaintiff was unable to unlock either door, he was forced to jump through a window in order to escape from his attacker; and that as a result, he was seriously injured.

The petition alleged the defendants were negligent in the following particulars:

1) Failing to exercise ordinary care to render the premises in a reasonably, safe condition and free from latent defects, i.e. installing and failing to replace a deadbolt lock which required the use of a key for operation from the inside, therefore, unreasonably hampering and preventing exit from the premises at a time of emergency.

2) Failing to comply with the provisions of the laws, ordinances and building codes quoted above, i.e. by installing and failing to replace a deadbolt lock which required the use of a key for operation from the inside, therefore, unreasonably hampering and preventing exit from the premises at a time of emergency.

"In considering a motion for summary judgment, the evidence is to be viewed in the light most favorable to the party against whom the motion is directed, giving to that party the benefit of all reasonable inferences which may be drawn from

the evidence." *Chadd v. Midwest Franchise Corp., ante* p. 502, 505, 412 N.W.2d 453, 457 (1987); *In re Estate of Thompson,* 225 Neb. 643, 407 N.W.2d 738 (1987).

> Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from material facts, and when the moving party is entitled to judgment as a matter of law.

*Chadd, supra* at 505, 412 N.W.2d at 456.

The plaintiff's first assignment of error alleged that the trial court erred in failing to find there was a material issue of fact as to whether the defendants had failed to keep and maintain the premises in a reasonably safe condition, free from latent defects.

As a social guest in the apartment, the plaintiff had the status of a "licensee" and thus was entitled to the following:

> "The owner or occupant of property owes to a licensee the duty only to refrain from injuring him by willful or wanton negligence or a designed injury, or by failure to warn of a hidden danger or peril known to the owner or occupant but unknown to or unobservable by the licensee in the exercise of ordinary care."

*Dukes v. Barkdoll,* 211 Neb. 546, 548, 319 N.W.2d 432, 434 (1982), citing *Casey v. Addison,* 190 Neb. 634, 211 N.W.2d 410 (1973).

The record shows that the plaintiff knew of the lock situation at the apartment and at one time had his own key to come and go at will from the apartment. There is no evidence of willful or wanton negligence on the part of the defendants. There is nothing to support the plaintiff's allegation of the breach of a duty owed the plaintiff by the defendants.

It is unnecessary to consider the plaintiff's other assignments of error.

The judgment is affirmed.

AFFIRMED.