ELMER J. HOFFMAN, ALSO KNOWN AS PETE HOFFMAN, APPELLANT,
v. REINKE MANUFACTURING COMPANY, INC., A NEBRASKA
CORPORATION, APPELLEE.
416 N.W.2d 216

Filed December 4, 1987.    No. 86-042.

David E. Cording, for appellant.

Rodney P. Cathcart of Erickson & Sederstrom, P.C., for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

CAPORALE, J.

Plaintiff-appellant, Elmer J. Hoffman, also known as Pete Hoffman, alleged that defendant-appellee, Reinke Manufacturing Company, Inc., a Nebraska corporation, breached an express agreement to develop Hoffman's unpatented idea for a corner irrigation system and pay him a royalty thereon, or unjustly enriched itself by appropriating the idea. Reinke Manufacturing answered by denying Hoffman's claims and asserting that any cause of action Hoffman may have had is time barred and that the parties abandoned any contractual rights which might have existed. The district court granted Reinke Manufacturing's motion for summary judgment and dismissed Hoffman's petition. Hoffman assigns as error the district court's conclusions that (1) the action is time barred and (2) Reinke Manufacturing is entitled to judgment as a matter of law. Reinke Manufacturing claims this appeal is not properly before us because the transcript does not contain the judgment or decree from which Hoffman purports to appeal. Reinke Manufacturing's claim is without substance, and we reverse and remand for further proceedings.

We concern ourselves first with the claim that this appeal was not perfected in accordance with our rules and the law. The transcript on appeal contains a "Notice of Judgment" which states that "on November 4 1984, judgment was rendered in the above case for [sic] Summary Judgment for defendant is hereby granted," but does not contain the judgment to which the notice purportedly refers. The transcript does contain Hoffman's subsequent timely motion, which asks the district court to "vacate the judgment sustaining Defendant's Motion for Summary Judgment and dismissing this cause, entered on the 4th day of November, 1985 . . . ." It also contains an order, dated December 10, 1985, which recites that the matter came on for hearing on December 5, 1985, and that "the plaintiff's Motion to Vacate Judgment is overruled and summary judgment is entered in favor of defendant and against the plaintiff, and plaintiff's Petition is hereby dismissed." A second

"Notice of Judgment" recites that "on December 5 1985, judgment was rendered in the above case for [sic] MOTION TO VACATE SUMMARY JUDGMENT OVERRULED." Hoffman filed a notice of appeal on January 3, 1986, stating that he appeals "from the decision rendered herein on December 5, 1985, overruling my Motion to Vacate Judgment and Dismissing the Petition herein."

Reinke Manufacturing correctly argues that a transcript on appeal to this court which does not contain a final order or judgment presents nothing for review. *Propeck v. Propeck*, 79 Neb. 218, 112 N.W. 302 (1907). Thus, to obtain a review by this court the transcript on appeal must contain the judgment, decree, or final order sought to be reversed, vacated, or modified. *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 415 N.W.2d 478 (1987); *McCook Equity Exch. v. Cooperative Serv. Co.*, 223 Neb. 197, 388 N.W.2d 811 (1986); Neb. Ct. R. of Prac. 4A(1) (rev. 1986). We have also held that in an error proceeding a recital that a judgment was rendered upon the verdict was insufficient. *Stone v. Neeley*, 34 Neb. 81, 51 N.W. 314 (1892). Therefore, a mere notice that a judgment was rendered will not suffice. However, the record in this case contains more than the notices which advise that some type of action was taken on November 4 and December 5, 1985; it also contains the order dated December 10, 1985.

We have said that a judgment finally determines the rights of the parties and that the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, constitutes the rendition of a judgment or decree. *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986); *Federal Land Bank of Omaha v. Johnson, supra; Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987). We have also said that failing a notation on the trial docket, a judgment is rendered when some written notation is made and filed in the records of the court. *Federal Land Bank v. McElhose, supra; Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984). Thus, because of the language contained in the order dated December 10, 1985, the summary judgment dismissing Hoffman's petition was rendered on December 5, 1985, irrespective of

whatever may have transpired earlier in the case. The transcript therefore contains the judgment from which the subject appeal is taken.

We next observe that although Hoffman originally pled two alternative theories of recovery, express contract or implied contract, during a pretrial conference he relinquished the express contract theory by announcing that "he was basing his theory of recovery upon the general principles of 'quantum meruit.' " We therefore are concerned only with the contract implied in law theory of recovery based on the equitable doctrine that one will not be allowed to profit or enrich oneself unjustly at the expense of another. *Haggard Drilling, Inc. v. Greene*, 195 Neb. 136, 236 N.W.2d 841 (1975). It has been said that where benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving and retaining the benefits to pay their reasonable value. *Haggard Drilling, Inc. v. Greene, supra; Bush v. Kramer*, 185 Neb. 1, 173 N.W.2d 367 (1969).

The facts relevant to the foregoing implied contract theory and the defenses raised by Reinke Manufacturing are that in August of 1968 Hoffman approached Richard Reinke (Reinke), then president of Reinke Manufacturing, about an idea Hoffman had for a corner irrigation system. As a result, Reinke arranged to meet with Hoffman at the latter's home to discuss the matter.

Prior to this meeting, Hoffman and his brother-in-law had roughly sketched a drawing of the system, the concept of which Hoffman then thought to be original with him, and had the sketch notarized. In essence, the idea involved attaching a swinging arm controlled by a steerable wheel to an irrigation system.

According to Hoffman, Reinke looked the drawings over and said he thought the idea was a good one. Hoffman and Reinke discussed developing the idea and obtaining a patent on it, as well as the employment of Hoffman by Reinke Manufacturing.

As a consequence, Hoffman began working for Reinke Manufacturing that month. Hoffman thought his duties

included aiding Reinke in the development of Hoffman's idea. Hoffman worked for Reinke Manufacturing until 1973 or 1974, then worked elsewhere for 9 months and returned to Reinke Manufacturing, where he remained until approximately 1976. However, Reinke never worked with Hoffman to develop the system Hoffman had conceived.

Believing that Reinke Manufacturing was not going to develop his system, Hoffman, unknown to Reinke, took his idea to Valmont Industries sometime during the spring of 1971. Valmont, however, was not interested. Later, Reinke Manufacturing became involved in litigation with Valmont. On March 14, 1981, Reinke asked Hoffman for his cooperation in the Valmont suit and to make copies of Hoffman's original drawings. Hoffman did cooperate with Reinke and gave a deposition in connection with the Valmont suit.

In April 1981 Hoffman became aware through sales literature prepared by Reinke Manufacturing that it was selling a corner irrigation system which utilized a swinging arm and steerable wheels.

This matter comes to us on the sustainment of a motion for summary judgment; thus, we must view the evidence most favorably to Hoffman and give him the benefit of all favorable inferences which may reasonably be drawn from the evidence. *Moseman v. L & P Investment Co.*, 226 Neb. 677, 414 N.W.2d 254 (1987); *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 412 N.W.2d 453 (1987).

So viewed, the evidence leads to the conclusion that Reinke Manufacturing developed Hoffman's concept for a corner irrigation system, is selling a system based upon that idea, and is profiting therefrom. Under such circumstances, it would be unjust, inequitable, and unconscionable not to require Reinke Manufacturing to pay Hoffman a reasonable portion of the profits Reinke Manufacturing makes from selling systems conceived by Hoffman. Accordingly, the law implies the existence of a contract requiring Reinke Manufacturing to pay Hoffman a reasonable royalty on each such corner irrigation system it sells.

Reinke Manufacturing asserts, however, that any cause of action Hoffman might have had based upon such an implied

contract is time barred. Neb. Rev. Stat. § 25-204 (Reissue 1985) provides that, with an exception not material to this inquiry, civil actions "can only be brought within the following periods, after the cause of action shall have accrued." Neb. Rev. Stat. § 25-206 (Reissue 1985) provides: "An action upon a contract, not in writing, expressed or implied . . . can only be brought within four years." Thus, the cause of action on which Hoffman proceeds must have been instituted within 4 years from the date it accrued. A cause of action "accrues" when the aggrieved party has the right to institute and maintain suit. *Lake v. Piper, Jaffray & Hopwood Inc.*, 219 Neb. 731, 365 N.W.2d 838 (1985). Hoffman acquired the right to institute and maintain this suit when Reinke Manufacturing sold a corner irrigation system, for that is when Reinke Manufacturing began to benefit from Hoffman's idea. So far as the record shows, the sale of the system occurred at the same time Hoffman became aware of the fact, sometime in April of 1981. This suit was first filed on March 9, 1984, and last amended on March 18, 1985. Thus, whether the operative amended petition relates back to March 9, 1984, is immaterial, for the suit was instituted in any event within 4 years from April 1, 1981.

We recognize, of course, that the subject cause of action is one in equity and that for that reason the doctrine of laches might, under certain circumstances, serve to shorten the time within which the action could otherwise be brought. *Van Pelt v. Greathouse*, 219 Neb. 478, 364 N.W.2d 14 (1985). However, we find nothing in the record presently before us which requires that the period of limitations specified by statute be shortened.

Finally, Reinke Manufacturing's assertion that Hoffman abandoned such contractual rights as he may have had translates into a claim that he waived or is somehow estopped from recovering under the contract implied in law. See, *Simonson v. "U" Dist. Office Bldg. Corp.*, 70 Wash. 2d 35, 422 P.2d 1 (1966); *Bd of Directors v. Western National Bank*, 139 Ill. App. 3d 542, 487 N.E.2d 974 (1985). The only conduct revealed by the record relating to this claim is that Hoffman took his idea to Valmont in 1971. Whether such conduct provides the elements required to establish either a waiver or estoppel need not be decided, for it was conduct which occurred

before the event giving rise to the contract implied in law; that is, the sale by Reinke Manufacturing of a corner irrigation system based on Hoffman's concept.

A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the material facts and that the moving party is entitled to judgment as a matter of law. *Moseman v. L & P Investment Co.*, 226 Neb. 677, 414 N.W.2d 254 (1987); *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 412 N.W.2d 453 (1987).

This is not such a case, for, as the foregoing analyses demonstrate, the record thus far developed does not establish that Reinke Manufacturing is entitled to judgment as a matter of law.

The judgment of the district court is reversed and the matter remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.