RICHARD STODOLA, APPELLANT, V. GRUNWALD MECHANICAL
CONTRACTORS, INC., APPELLEE.

422 N.W.2d 341

Filed April 21, 1988.   No. 86-322.

Diane B. Metz, for appellant.

J. Michael Coffey of Stave, Coffey & Swenson, P.C., for appellee.

Hastings, C.J., White, and Fahrnbruch, JJ., and Wolf and McGinn, D. JJ.

Fahrnbruch, J.

Richard Stodola appeals the Douglas County District Court's summary judgment dismissal of his petition for damages resulting from injuries he received when a high-lift device fell upon him. The defendant-appellee, Grunwald Mechanical Contractors, Inc., owned the lift device. We reverse and remand the cause for trial.

Stodola assigns three errors, which can be consolidated into the following: The trial court erred in determining that there were no genuine issues either as to material facts or as to the ultimate inferences to be drawn therefrom.

Only the following allegations in Stodola's amended petition to the district court will be considered: that Grunwald was negligent in its failure to have the device in a proper location out of the path of workers and in its failure to attach the lift device to the ceiling or to equip it with setscrews to lock the wheels in place. In its answer, the defendant generally denied these allegations and claimed that Stodola's contributory negligence was sufficient to bar any recovery.

Other allegations in Stodola's petition which are not argued in his brief, and issues raised in the brief but not alleged in the petition, will not be considered.

In considering a motion for summary judgment, the evidence is to be viewed most favorably to the party against whom the motion is directed, giving him or her the benefit of all favorable inferences which may reasonably be drawn from the evidence. Summary judgment is proper when pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from material facts, and when the moving party is entitled to judgment as a matter of law. *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987); *Moseman v. L & P Investment Co.*, 226 Neb. 677, 414 N.W.2d 254 (1987); *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987).

The depositions of Richard Stodola, Michael A. Stiles, and Robert Nordstrom were admitted into evidence at the summary judgment hearing and provided the following facts. Stodola retired from Skinner Macaroni Company in 1982. He returned to the company on Monday, January 7, 1985, at the request of a former supervisor to help install a new spaghetti dryer. The Friday before the accident occurred, Robert Nordstrom, a Grunwald employee, was operating a high-lift device. Before leaving for the day, Nordstrom placed the lift device in a position to support two 10-foot extensions of pipe which were being attached to the ceiling. The lift was equipped with eight wheels at its base. Four of the wheels were 2 inches in diameter and were factory installed. The other four wheels were 3 inches in diameter and had been installed by Grunwald as a modification. Nordstrom testified that the larger wheels made the lift easier to move.

On Monday, Stodola and another Skinner employee began removing an I-beam which had been placed underneath the dryer for shipment purposes. In the process of removing the .I-beam, Stodola backed into the lift device. The lift rolled, toppled, and struck Stodola.

Stodola testified that while pulling an I-beam from beneath the dryer, he backed up and in so doing relied for guidance and instruction upon his coworker. He said he did not notice defendant's high-lift device before the accident, had never before seen such a lift device, and did not know how one

worked. Stodola said he "just barely touched" the lift before it fell on him.

In granting Grunwald's motion for summary judgment, the trial judge found that the defendant's "placement or stabilization of the lift device did nothing more than furnish a *condition* which made the Plaintiff's injury possible." (Emphasis supplied.) The court further found that the defendant's action was not the proximate cause of Stodola's injury.

This court has distinguished between passive negligence, which merely furnishes a condition by which injuries are made possible through the subsequent independent negligence of another, and active negligence, which combines with a subsequent, independent act to cause injury. Passive negligence is not actionable. Active, or continuing, negligence is actionable if it is the proximate cause of the plaintiff's injury. A thorough discussion of active and passive negligence may be found in *Delaware v. Valls*, 226 Neb. 140, 409 N.W.2d 621 (1987). That discussion will not be repeated here.

Stodola asserts that Grunwald's failure to stabilize the high-lift device by either fastening it to the ceiling or locking its wheels constitutes an act of continuing negligence for which the defendant is liable. Grunwald argues that the lift was open and obvious and, therefore, only a condition. It is Grunwald's contention that Stodola's injury was caused by his own contributory negligence and by the independent acts of his coworker. The defendant also argues that the failure of Stodola and his coworker to notice the lift is an efficient intervening act of negligence sufficient to cut off any liability on the part of Grunwald.

An efficient intervening cause is a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury. Further, an efficient intervening cause is the intervening negligence of a third person who has full control of the situation and whose negligence is such as the defendant was not bound to anticipate and could not be said to have contemplated, which later negligence results directly in injury to the plaintiff. *Delaware v. Valls, supra*. See, also, *London v. Stewart*, 221 Neb. 265, 376

N.W.2d 553 (1985); *Corbet, Inc. v. County of Pawnee*, 219 Neb. 622, 365 N.W.2d 437 (1985).

> [T]he doer of an original wrongful act that should reasonably cause one to anticipate an injury therefrom is not relieved from liability for an injury immediately brought about by an intervening cause, wrongful or otherwise, that is set into operation by such original wrongful act, and that alone would not have caused the injury, but which with the aid of the original wrong does cause such injury.

*Johnson v. Metropolitan Utilities Dist.*, 176 Neb. 276, 281, 125 N.W.2d 708, 711 (1964). See, *Bruno v. Gunnison Contractors, Inc.*, 176 Neb. 462, 126 N.W.2d 477 (1964); *Johnson v. Mallory*, 123 Neb. 706, 243 N.W. 872 (1932).

In *Brown v. Nebraska P.P. Dist.*, 209 Neb. 61, 306 N.W.2d 167 (1981), this court reversed the ruling of the district court granting the Nebraska Public Power District a summary judgment against the plaintiff. Brown was injured when power district employees negligently allowed smoke to blow across the highway. This court rejected the power district's argument that the smoke was merely a condition, and stated:

> "Generally, the effect of an intervening negligent act is tested by determining whether it was such as might reasonably have been foreseen as a consequence of the claimed negligence of the original actor. . . . The law does not require precision in foreseeing the exact hazard or consequence which happens. It is sufficient if what occurs is one of the kind of consequences which might reasonably be foreseen. *The question whether negligence is, in view of the intervening negligence of a third person, such a continuing and substantial factor in producing an accident as to be a proximate cause of the injury, is a question of fact, rather than a question of law.*"

(Emphasis supplied.) *Id.* at 67, 306 N.W.2d at 171. See *K.S.R. v. Novak & Sons, Inc.*, 225 Neb. 498, 406 N.W.2d 636 (1987).

Whether the defendant's actions constitute active negligence, whether the placement and stability of the lift was an "open and obvious" condition which proximately caused Stodola's injury, and whether the actions of Stodola or his coworker were an

intervening cause sufficient to cut off Grunwald's liability are all questions of fact for the fact finder. See, *Brown, supra*; *Novak, supra*; *Johnson v. Mallory, supra*.

Viewing the record in a light most favorable to the plaintiff, it is clear that issues of material fact exist. Therefore, the granting of Grunwald's motion for summary judgment was not proper. Accordingly, that action by the district court is hereby reversed and the cause remanded for trial.

REVERSED AND REMANDED.