RAYMOND GUENTHER, JR., APPELLANT, V. JACQUELIN ALLGIRE AND PAT ALLGIRE, APPELLEES.

422 N.W.2d 782

Filed May 6, 1988.   No. 86-176.

Richard J. Dinsmore of Dowd, Fahey & Dinsmore, for appellant.

Michael F. Kinney of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

This is a personal injury action in which the Sarpy County District Court sustained the defendants' motion for summary judgment and dismissed the case. Plaintiff, Raymond Guenther, Jr., appeals.

Guenther claims he was injured as a result of a fire originating in the basement family room of a home owned by defendant Jacquelin Allgire, in Papillion, Nebraska. Ms. Allgire was working away from the home at the time of the fire. Evidence at the summary judgment hearing revealed that at all times relevant herein, plaintiff was sleeping in a bedroom adjacent to the family room. He went to the Allgire home with one of Jacquelin Allgire's sons, who is not otherwise involved in this case. Plaintiff had Ms. Allgire's permission to be in the home.

Defendant Pat Allgire, another son of Ms. Allgire, was of

legal age, dependent upon his mother, and a high school student at the time of the fire. He, together with two other students, skipped a morning class and went to the Allgire home, which was located across the street from his school. Another student joined the threesome at the home. The four students smoked cigarettes in the family room and watched television. There is some evidence that one or more of them may have smoked marijuana.

The evidence is undisputed that the fire started in the area of a couch and that the defendant Pat Allgire never sat on that couch. It was stipulated that the fire was started as a result of a discarded cigarette or other smoking material. It was further stipulated that all four students were smoking in the family room, but that it is unknown which of the four discarded the cigarette or smoking material that resulted in the fire.

The plaintiff assigns two errors on appeal: (1) The trial court erred in granting defendants' motion for summary judgment, and (2) the trial court erred in failing to rule on an evidentiary objection that was taken under advisement. The assignments of error will be discussed in inverse order.

Regarding his second assignment of error, the plaintiff claims the trial court failed to rule upon the defendants' objection to a written statement of defendant Pat Allgire. Plaintiff is fearful the statement is not in evidence. The statement was already in evidence when the defendants made their objection. No further ruling was required. The statement had been received as a part of Pat Allgire's deposition. Plaintiff's second assignment of error is without merit.

With respect to plaintiff's first assignment of error, summary judgment is an extreme remedy and should be awarded only when an issue is clear beyond all doubt. *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987); *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 412 N.W.2d 453 (1987); *Cornhusker Agrl. Assn. v. Equitable Gen. Ins. Co.*, 223 Neb. 618, 392 N.W.2d 366 (1986). A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Lowry*

*v. State Farm Mut. Auto. Ins. Co., ante* p. 171, 421 N.W.2d 775 (1988); *Hoffman v. Reinke Mfg. Co.,* 227 Neb. 66, 416 N.W.2d 216 (1987); *Moseman v. L & P Investment Co.,* 226 Neb. 677, 414 N.W.2d 254 (1987).

On a motion for summary judgment, the question is whether there is a genuine issue as to any material fact, and not how the issue is to be decided. *Reifschneider v. Nebraska Methodist Hosp.,* 222 Neb. 782, 387 N.W.2d 486 (1986); *Hanzlik v. Paustian,* 211 Neb. 322, 318 N.W.2d 712 (1982), *aff'd after remand* 216 Neb. 575, 344 N.W.2d 649 (1984), *cert. denied* 469 U.S. 854, 105 S. Ct. 179, 83 L. Ed. 2d 113 (1984); *Bender v. James,* 212 Neb. 77, 321 N.W.2d 436 (1982).

In the present case, before determining if there is a genuine issue of any material fact, it is necessary to resolve what, if any, duty of care the defendants owed to the plaintiff. Plaintiff pleads in his petition, and the evidence reflects, that he was a social guest in Ms. Allgire's home at the time he was allegedly injured. A social guest is a mere licensee. *Casey v. Addison,* 190 Neb. 634, 211 N.W.2d 410 (1973). See, also, *Moseman v. L & P Investment Co., supra.*

As owner of the residence where the plaintiff is alleged to have been injured, Ms. Allgire's status was that of a licensor. Her duty to the plaintiff, a licensee, was limited. The duty of Ms. Allgire was only to refrain from injuring plaintiff in his status as a licensee by willful or wanton negligence or designed injury, or to warn him as a licensee of a hidden danger or peril *known* to the owner but unknown or unobservable by the licensee, who is required to exercise ordinary care. *Moseman v. L & P Investment Co., supra.* In order for an action to be willful or wanton, the evidence must prove that a defendant had *actual* knowledge that a danger existed and that the defendant *intentionally* failed to act to prevent harm which was reasonably likely to result. The term imparts knowledge and consciousness that injury is likely to result from the act done or the omission to act, and a constructive intention as to the consequences. *Gallagher v. Omaha Public Power Dist.,* 225 Neb. 354, 405 N.W.2d 571 (1987).

To constitute willful negligence the act done or omitted must be intended or must involve such reckless disregard of security

and right as to imply bad faith. Wanton negligence has been said to be doing or failing to do an act with reckless indifference to the consequences and with consciousness that the act or omission would probably cause serious injury. *Id.*, quoting from *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984).

The plaintiff alleged that Ms. Allgire was negligent (1) in allowing her minor child to be at the premises during a time when he would not be properly supervised and (2) in allowing her son to use the premises as a gathering point for himself and other individuals to smoke marijuana, when she knew or should have known that to do so could cause injury to other persons lawfully upon the premises.

In regard to the plaintiff's first allegation of negligence against Ms. Allgire, the evidence is undisputed that when the fire occurred, Pat Allgire was 19 years old and therefore an adult. The evidence is also undisputed that before she was notified of the fire, Ms. Allgire had no actual knowledge that Pat Allgire had skipped school and returned home with friends to smoke on the day of the fire. When Ms. Allgire left for work the morning of the fire, her son Pat had already left for school. The evidence discloses that Pat Allgire had skipped school in the past; however, that was sometime before the fire. In her deposition Ms. Allgire testified also that her son's skipping of school was not a problem around the time of the fire because he attended school so he would be eligible to play football.

The plaintiff, as a basis for making the allegations of negligence against Ms. Allgire, apparently relies primarily upon a statement given by Pat Allgire. The statement was made orally to a law clerk of the plaintiff's lawyer. The clerk testified he memorialized the statement in longhand on paper which he gave to Pat Allgire. Pat Allgire took the paper with him and, sometime later, struck through some of the language and by interlineation added language before signing the statement and returning it to the plaintiff's lawyer. As corrected, the statement in relevant part reads:

> On March 27, 1981, I went to school at approximately 7:30 a.m., around 9:35 a.m. or 9:40 a.m. I returned home with ~~several~~ (*three or four*) friends, we used my home as a

gathering spot because it is close to school and also because my mom leaves to go to work around 9:00 a.m. or 9:30 a.m., she doesn't mind us coming over to the house. (*But she does during school*)

. . . As I stated before we used my home as a place to hang around during school hours. (*sometimes*)

. . . Raymond Guenther, was sleeping in the downstairs . . . .

My friends and I went downstairs to the family room where there is a couch with a built in table in the middle and other furniture. We smoked and talked—*watched T.V. (whatever)*, we later had several bowls of pot out [of] the bongs that we ~~keep~~ kept in the basement. Although my mother (does not approve) of my use of pot she ~~prefers that I do it in the house, she knows about the gatherings that we have at the house while she is at work.~~

(Emphasized words were added by Pat Allgire.)

Even if all the language in Pat Allgire's alleged oral statement is taken as true, there is nothing to indicate that Ms. Allgire acted with willful or wanton negligence. She did not have *actual knowledge* that a danger existed, and, therefore, she could not have intentionally failed to act to prevent any harm which could reasonably result from the danger. There certainly was no designed injury on Ms. Allgire's part in this case. Furthermore, there was no hidden danger or peril *known* to Ms. Allgire, but unobservable by the plaintiff.

Although it was an automobile bailee-bailor case, the nature of the duty and the rationale of *Stocker v. Cataldi*, 483 N.E.2d 461 (Ind. App. 1985), *reh'g denied* 489 N.E.2d 144 (Ind. App. 1986), have substantial similarities to the case under consideration. In *Stocker*, even though a minor child pled guilty to driving while intoxicated after being involved in an accident with his mother's car, the Indiana appellate court held that the mother was not liable for her son's negligence. There was no liability even though the mother was aware of her son's past dealings and use of marijuana.

Indiana has no family purpose doctrine, and the mere fact of a family relationship does not impose vicarious liability. Vicarious liability attaches in the permissive use of an

automobile by a family member only where a master-servant or agency relationship is established. Under Indiana law, a bailor who gives a dangerous article to a bailee, knowing that it will be used in a way which endangers others, is chargeable with negligence; however, the bailor must have actual knowledge of the bailee's incompetence. "Evidence that the bailor 'could have' or 'should have' known of the bailee's incompetence is not sufficient." 483 N.E.2d at 463. The Stockers made no allegations and presented no evidence from which it could be inferred that the mother had actual knowledge of her son's intoxication *on the day in question*. Thus, the Indiana court found that a summary judgment in favor of the mother was appropriate.

In this case, as in the *Stocker* case, there were no allegations made and no evidence presented from which it could be inferred that Ms. Allgire had actual knowledge of her son's actions on the day of the fire, even though she may have known that he had skipped school in the past and that he may have previously used marijuana. Therefore, the summary judgment in favor of Ms. Allgire was appropriately sustained.

The plaintiff alleges that Pat Allgire was negligent (1) in not properly disposing of ignited materials, when he knew or should have known that the failure to do so could result in harm or injury to other persons lawfully upon the premises, and (2) in smoking a controlled substance which affects proper judgment, when the defendant knew or in the exercise of reasonable care should have known that to do such activity could result in harm or injury to other persons lawfully upon the premises.

The duty of an occupant of property to a licensee is identical to the duty of the owner. *Moseman v. L & P Investment Co.*, 226 Neb. 677, 414 N.W.2d 254 (1987). For Pat Allgire to be liable in this case, the plaintiff is required to prove either (1) that Pat Allgire by willful or wanton negligence proximately caused injury to the plaintiff, or (2) that Pat Allgire failed to warn the plaintiff of a hidden danger or peril known to him but which was unknown or unobservable by the plaintiff in the exercise of ordinary care.

In Pat Allgire's case, the following facts are stipulated or admitted: that Pat Allgire, while skipping school, hosted and

was present with his friends at a marijuana party in the basement of his mother's home; that Pat Allgire provided smoking instruments (bongs) to smoke marijuana, which is an illegal drug; that Pat Allgire and one or more of his friends smoked "several bowls of pot"; that a fire started in the area of a couch as a result of a discarded cigarette or other smoking material; and that during all relevant times, the plaintiff was asleep in a room nearby.

Because he hosted the party in his own home, supplied the smoking instruments, and smoked marijuana, a jury could reasonably infer that Pat Allgire supplied the illegal drug for the party. From his admitted prior use of marijuana, and the facts of this case, a jury could infer Pat Allgire knew the hidden dangers of smoking marijuana. It is common knowledge that this illegal drug, when smoked, is mind-altering, reduces inhibitions and judgment, and interferes with a person's ability to take precautions for the safety of other people. It is also common knowledge that improperly discarded smoldering smoking materials start fires.

It is a question of fact for the jury whether, on the day of the alleged fire, Pat Allgire, as an occupant of the property, breached his duty to the plaintiff, who was a licensee.

The trial court's summary judgment favorable to the defendant Jacquelin Allgire is affirmed. The trial court's summary judgment in favor of the defendant Pat Allgire is reversed and that portion of the cause is remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.