ANNA LOU MICEK, APPELLANT, V. RICK L. METZGER ET AL., ALSO KNOWN AS LOT OWNERS OF SIGNAL HILL PARK AND SIGNAL HILL PARK REPLAT, APPELLEES.

422 N.W.2d 791

Filed May 6, 1988.    No. 86-711.

William T. Oakes of Kennedy, Holland, DeLacy & Svoboda, for appellant.

H. Daniel Smith of Smith, Trustin & Schweer, for appellees.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and CHEUVRONT, D.J.

FAHRNBRUCH, J.

Anna Lou Micek filed suit in equity to have a protective covenant covering Lots 300 and 301 in Signal Hill Park Replat in Omaha, Nebraska, declared void and unenforceable. She appeals a summary judgment granted by the Douglas County District Court in favor of the defendant lot owners. We affirm.

Summary judgment is proper when pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to ultimate inferences that may be drawn from material facts, and when the moving party is entitled to judgment as a matter of law. *Stodola v. Grunwald Mechanical Contractors, ante* p. 301, 422 N.W.2d 341 (1988); *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987); *Moseman v. L & P Investment Co.*, 226 Neb. 677, 414 N.W.2d 254 (1987).

In this case, the record reflects that in 1963 the Signal Hill Park Replat subdivision in Omaha was platted. A protective covenant affecting the subdivision and the Signal Hill Park subdivision was duly filed of record by the owner, Madeline Jacobson Properties, Inc., on July 5, 1963. Except for certain lots, this covenant restricted the use of land in the subdivisions to various types of dwellings, or church or school purposes. Lots 300 and 301 were permitted to be used for commercial, church, or school purposes. The covenant could only be modified by an instrument in writing executed by two-thirds of the owners of lots in the subdivisions or their successors in title.

On October 3, 1963, by amendment duly recorded, the original protective covenant was modified to provide, insofar as applicable here, that Lots 300 and 301, in addition to commercial, school, or church uses, could be used for various types of dwellings. This amendment was approved by two-thirds of the owners of lots in both subdivisions.

On September 16, 1965, Madeline Jacobson Properties, Inc., as sole owner of Lots 300 and 301, executed and thereafter duly recorded another protective covenant. This covenant limited the use of Lots 300 and 301 to single-family dwellings.

Although the corporation was the sole owner of Lots 300 and 301, it did not own two-thirds of the original subdivisions. After the September 1965 document was filed, Lots 300 and 301 were subdivided into parcels and sold. Seven of those parcels were sold to some of the defendants or their predecessors in title, and each parcel is used for a single-family dwelling. The remaining parcels in Lots 300 and 301 were sold to Mutual Investors, Inc., as evidenced by a deed filed September 8, 1983. Mutual Investors, Inc., then conveyed its land to Micek by deed filed February 2, 1984.

Micek's petition seeks a declaratory judgment that the 1965 covenant, limiting the use of Lots 300 and 301, is void and unenforceable. All of the Signal Hill Park and Signal Hill Park Replat lot owners have been named as defendants in this action. In view of our holding hereafter, only those lot owners who have title to parcels in Lots 300 and 301 are necessary parties.

Micek assigns as error that the trial court erred in holding that the covenant executed by Madeline Jacobson Properties, Inc., dated September 16, 1965, was a valid and enforceable covenant and is binding upon all subsequent owners of any part of Lots 300 and 301 of Signal Hill Park Replat.

It is Micek's contention that the 1965 covenant is an invalid modification of the original 1963 covenant because it was not approved by two-thirds of the lot owners of both subdivisions. The lot owners argue that the 1965 covenant is not a modification but a covenant which stands by itself. The district court found that the covenant "is a valid and enforceable covenant and is binding on all subsequent owners of the property involved, namely, Lots 300 and 301 of Signal [Hill] Park Replat in Douglas County, Nebraska, including plaintiff and defendants."

This court has long embraced the rule that a restrictive covenant is to be construed in connection with the surrounding circumstances which the parties are supposed to have had in mind at the time they made it; the location and character of the entire tract of land; the purpose of the restriction; whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers; and whether it was in pursuance of a general building plan for the development of the

property. *Hogue v. Dreeszen*, 161 Neb. 268, 73 N.W.2d 159 (1955); *Wessel v. Hillsdale Estates, Inc.*, 200 Neb. 792, 266 N.W.2d 62 (1978); *Lincoln East Bancshares v. Rierden*, 225 Neb. 440, 406 N.W.2d 337 (1987). If there was a general building scheme, the purpose of which was to restrict a district to single-family residences, it matters not how it is expressed in the covenant, or what the covenant may be called. However, so far as the purpose is definitely stated in the covenant, that purpose should control. Where the owners of a tract of land have platted the same into many lots and formed and carried out a plan to sell the lots subject to covenants restricting them to the construction of homes of a certain character, equity will protect the rights of other grantees who accepted deeds in the same locality with similar restrictions. *Hogue v. Dreeszen, supra.*

The 1965 covenant expresses an intent to "limit the use of said Lots 300 and 301 to single family dwellings." The beneficiaries of this covenant are those persons who purchased a part of Lots 300 and 301 in reliance thereon. Clearly, the 1965 covenant is more restrictive than earlier protective covenants, stands on its own, and affects only the owners of parcels in Lots 300 and 301. It is valid and enforceable.

The district court was correct in finding that the 1965 covenant is valid and enforceable. The trial court's summary judgment is hereby affirmed.

AFFIRMED.